STATE of Iowa, Appellee,

v.

**Christopher R. GRANDBERRY, Appellant.**

No. 99–2061.

Supreme Court of Iowa.

Nov. 16, 2000.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Cunningham, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Christopher Grandberry, pled guilty to first-degree theft in violation of Iowa Code sections 714.1(1) and 714.2(1) (1999), pursuant to a plea agreement. The court sentenced him to an indeterminate, ten-year term of imprisonment. After considering the arguments on appeal, we affirm the conviction and sentence.

Defendant contends that the sentencing judge relied on improper sentencing considerations by referring to defendant's failure to appear on traffic charges when no failure-to-appear charges were prosecuted. In explaining the reason for defendant's sentence, the court mentioned several serious offenses committed by defendant and also alluded to traffic charges and failure-to-appear notations. All of this data was contained in the presentence investigation report. That report revealed the following criminal history:

1987 Forgery—probation revoked.
1988 Felony Theft—probation revoked.
1991 Second Degree Theft—incarcerated, then granted shock probation.
1993 Simple Domestic Assault—30–day incarceration sentence, suspended except for 2 days.
1996 Fourth Degree Theft—failure to appear, warrant served, received suspended sentence, a year's probation, then failed to appear for probation review.
1999 Offense in Rock Island County—warrant active.

The report also listed the following traffic offenses:

1995 No Registration—failure to appear, default judgment.
1995 No Driver's License—failure to appear, default judgment.
1996 No Driver's License (3 instances)—failure to appear, default judgments.
1996 Improper Use of Registration—failure to appear, warrant served, pled guilty.
1998 Speeding—failure to appear, default judgment.
1998 No Driver's License (2 instances)—failure to appear, default judgments.
1998 Obedience to Traffic Control—failure to appear, default judgment.

The district court concluded that defendant's criminal history indicated defendant's disregard for his responsibility as a citizen to obey the law. The court decided

it was inappropriate to give defendant another opportunity for community rehabilitation by granting probation.

## I. Standard of Review.

■ A sentence imposed by the district court is reviewed for errors at law. Iowa R.App.P. 4. "Sentencing decisions ... are cloaked with a strong presumption in their favor." *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *Id.* (citing *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983)).

## II. Whether the District Court Properly Considered Defendant's Failure to Appear in Court For Traffic Charges in Sentencing Defendant For His Conviction For Theft.

A. *Arguments.* Defendant argues that the district court abused its discretion by improperly considering his failure to appear in court for traffic charges in sentencing him for theft.[1] Defendant contends that the traffic charges were unproven offenses. He urges that the sentencing judge's attitude toward the traffic offenses was a substantial reason for imposing a sentence of incarceration.

The State asserts three reasons why the district court's consideration of defendant's failure to appear in court for traffic charges was proper in sentencing defendant. First, defendant's failure to appear for traffic charges was part of the procedural history of defendant's criminal record which was properly included in the presentence investigation report. Second, because the primary purpose of a presentence investigation report is to aid the district court in determining an appropriate sentence, the district court correctly used defendant's report, including his criminal history, in evaluating his past performance in appearing in court and complying with probationary conditions. Third, because defendant did not contest the facts in the presentence investigation report related to his failure to appear for traffic charges, those facts stand as admitted and the associated default judgments provide adequate proof that defendant failed to appear for those charges.

■ B. *Analysis.* We have recognized that, "when a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo,* 608 N.W.2d 471, 474 (Iowa 2000). The standard of proof during the sentencing stage is lower than the standard used during trial. *Id.* at 475; *see also State v. Rettinghaus,* 591 N.W.2d 15, 17 (Iowa 1999) ("Outcome determinative sentencing data need only be found to exist by a preponderance of the evidence.") (citing *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67, 79 (1986)). If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required. *State v. Gonzalez,* 582 N.W.2d 515, 517 (Iowa 1998). This is true even if it was merely a "secondary consideration." *State v. Messer,* 306 N.W.2d 731, 733 (Iowa 1981) ("[W]e cannot speculate about the weight trial court mentally assigned [an improper] factor, or whether it tipped the scales to imprisonment."). In addressing defendant's claim, we must evaluate whether the district court's consideration of defendant's failure to appear in court

---

1. Generally, abuse of discretion and consideration of improper factors are separate issues in reviewing a sentence imposed by a district court. Although defendant claims the district court abused its discretion in imposing the sentence on defendant, the arguments set forth in his brief relate solely to the district court's consideration of what defendant claims are improper factors. Whether the district court abused its discretion should not be an issue in this case.

for traffic charges was proper in sentencing defendant for theft.

 The primary function of the presentence investigation report is to provide pertinent information to aid the district court in sentencing a defendant. *State v. Uthe,* 541 N.W.2d 532, 533 (Iowa 1995). When a presentence investigation report is ordered by a district court, the investigator is required to include the defendant's criminal record. Iowa Code § 901.3(2) (1999). In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant. *See State v. Witham,* 583 N.W.2d 677, 678 (Iowa 1998) (explaining that district court was free to consider the portions of the presentence investigation report which were not challenged by defendant); *Gonzalez,* 582 N.W.2d at 517 (finding that district court properly relied on defendant's statements in the presentence investigation report which amounted to an admission of other criminal activity because the statements were not challenged by defendant when he was given an opportunity to do so); *State v. Townsend,* 238 N.W.2d 351, 358 (Iowa 1976) (finding that district court acted properly in considering the presentence investigation report because defendant left the report "unchallenged as to accuracy except in two minor particulars").

 The State argues that all facts contained within the presentence investigation report that were not denied by defendant stand as admitted.[2] In *Gonzalez* the presentence investigation report contained statements made by the defendant to the investigator concerning the defendant's participation in the sale of cocaine. *Gonzalez,* 582 N.W.2d at 517. The defendant had been charged with this offense but the charge had later been dropped. *Id.* We held that in sentencing the defendant, the district court properly considered the presentence investigation report because the defendant did not make any material corrections to the report when it was presented to him. *Id.* We found that the statements made to the investigator concerning the sale of cocaine constituted an admission to the offense which the district court properly relied upon in sentencing the defendant on another charge. *Id.* Although the items at issue in the *Gonzalez* case were statements made to the presentence investigator by the defendant, we conclude that the same principle applies when an accused does not contest data in the presentence investigation report obtained from other sources.

Defendant specifically argues that the district court improperly considered defendant's traffic charges and his failure to appear in court for those charges. Defendant does not dispute the court's reliance on the more serious offenses listed in the presentence investigation report. He argues that he was never prosecuted for contempt or prosecuted under failure to appear provisions such as Iowa Code section 805.5 for his failure to appear for traffic charges. Defendant is not incorrect in identifying his failure to appear in court and the traffic charges as unprosecuted offenses. He is less convincing, however, in arguing that these offenses are unproven.

In *United States v. Jiles,* 102 F.3d 278 (7th Cir.1996), the Seventh Circuit Court

---

**2.** The State relies on *United States v. Joshua,* 40 F.3d 948 (8th Cir.1994), in asserting that the facts of defendant's criminal history in the presentence investigation report stand as admitted by defendant because he did not deny any of those facts. Although the Eighth Circuit Court of Appeals did conclude that the facts of a criminal history in a presentence investigation report do stand as admitted when the facts are not denied by the defendant, the court limited this holding to "prior sentences, prior similar civilly-adjudicated misconduct, and prior similar adult criminal conduct not resulting in conviction." *Joshua,* 40 F.3d at 952–53. The court stated that a sentencing court may not consider a record of arrests alone. *Id.* at 953. *Joshua* was decided using federal sentencing guidelines. *Id.* at 950–53.

of Appeals examined a similar issue concerning the sentencing court's reliance on previous default judgments entered against the defendant for his failure to appear in court for municipal violations. *Jiles,* 102 F.3d at 279–82. Under the Wisconsin law applicable to that case, a person who commits a municipal violation and fails to appear in court is deemed to have entered a plea of no contest (*i.e.,* plea of *nolo contendere*). Wis.Stat.Ann. § 800.09(2)(b) (West Supp.1995–96); *Jiles,* 102 F.3d at 280. Wisconsin law further provides that if the defendant pleads no contest, the court is to convict the defendant and render judgment. Wis.Stat.Ann. § 800.09(2)(a) (West Supp.1995–96). The Seventh Circuit concluded that a no-contest plea resulting in conviction constitutes an adjudication of guilt.[3] *Jiles,* 102 F.3d at 280. Accordingly, the court held that the district court's consideration of the defendant's municipal violations for which he failed to appear was proper in sentencing defendant for a different charge. *Id.*

Iowa Code section 805.6 addresses the implications of a defendant's failure to appear in court when requested to do so for a criminal charge. This Code section provides the language required for the uniform citation and complaint form that defendant should have received for each of his traffic charges. The required language reads, "if I fail to appear ... the court is authorized to enter a *conviction* and render judgment against me for the amount of my appearance bond in satisfaction of the penalty plus court costs." Iowa Code § 805.6(1)(b) (emphasis added). This default judgment process is very similar to the process outlined in the Wisconsin statute that the Seventh Circuit determined resulted in adjudication of guilt. Furthermore, according to Black's Law Dictionary, "convict" means "[t]o find a person guilty of a criminal charge, either upon a criminal

trial, a plea of guilty, or a plea of *nolo contendere.*" Black's Law Dictionary 232 (6th ed.1993). "Conviction" is defined as "[t]he final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of *nolo contendere.*" *Id.*

The default judgments listed in the presentence investigation report provide sufficient proof that defendant did not appear in court for the traffic charges. His failure to appear resulted in convictions for the traffic charges. The sentencing judge did not act improperly in considering all of these matters.

We have considered all issues presented and conclude that the judgment and sentence of the district court should be affirmed.

**AFFIRMED.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

3. As this case involved a federal criminal offense, the Seventh Circuit Court of Appeals relied more heavily on the federal sentencing guidelines than on the Wisconsin statute. *Jiles,* 102 F.3d at 280. The federal sentencing guidelines provide that a no contest plea constitutes an adjudication of guilt. *Id.*

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).