# IN THE COURT OF APPEALS OF IOWA

No. 13-2060
Filed December 10, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DARRELL LYNN PACK,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Lee (South) County, Michael J. Schilling (plea) and John G. Linn (sentencing), Judges.


      Darrell Pack appeals the sentence imposed by the district court. **AFFIRMED.**


      Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Michael Short, County Attorney, and Bruce C. McDonald, Assistant County Attorney, for appellee.


      Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Darrell Pack appeals the sentence imposed by the district court after his guilty plea to two counts of lascivious acts with a child, in violation of Iowa Code section 709.8(3) (2011). We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

From 2012 through 2013 Pack sexually abused four children. Pack was charged with two counts of sexual abuse in the second degree, two counts of lascivious acts with a child, one count of indecent exposure, and two counts of lascivious conduct with a minor. Pursuant to a plea agreement, Pack pled guilty to two counts of lascivious acts with a child and the other charges were dismissed. Pack, in appealing the district court's sentence, claims the court relied on an impermissible sentence factor as a reason to deny ordering a less severe punishment.

At sentencing Pack, the district court stated:

> Mr. Pack, in making a sentencing decision, the Court should do that which would provide the maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
> In making my sentencing decision, I've carefully reviewed the presentence investigation; I've considered the comments of the attorneys, your comments; and I've reviewed the court file. In this case there are a few factors which would justify mitigation.
> There are a great many factors, however, which justify confinement. Those factors which the Court would take into consideration in mitigation are as follows: The defendant does have a source of income, receiving $904 per month disability. He has his GED, apparently has a residence at which he can live, and he has several family member ties to Keokuk. Finally, he has no criminal record. Those factors which would justify confinement are as follows: The defendant is not a youthful offender, he's 56 years old. The purpose in taking age into consideration is that sometimes when a young person commits a nonviolent crime, the Court recognizes this is an act of impulse and will give him a second chance. First of all, this is

the kind of crime that is not one that is forgiven if committed based on impulse; and, secondly, it's the type of crime that a person thinks about and must act responsibly and simply must not commit.

The Court would note that the nature and circumstances of these crimes are particularly serious. These crimes involved child victims. The Court would note that although the defendant has several family members in Keokuk, he really doesn't have many family ties here, but his family ties are to another state.

This defendant previously had a significant substance abuse problem prior to 2005. Apparently, from that time to now, he no longer does have that problem. This defendant has a history of emotional problems. The Court would note, also, the difficulties as pointed out in the assessment performed by the Department of Correctional Services . . . the defendant scored in the medium risk range on the scale with regard to child molestation, he scored on the antisocial scale in the problem range, and he scored in the severe range on the sexual adjustment distress impulsiveness and alcohol and drug component of the test. The report also indicates that even though this defendant expresses remorse, and one must question whether that remorse is more of fear as to what he has looking to the forward, the report indicates he's not been accountable for the crime. He minimizes the crime, he tends to blame the children, and that simply will not do. In balancing these factors and taking into consideration the recommendation by the County Attorney and the Probation Office, the Court concludes confinement is the appropriate outcome and the Court will order confinement and these sentences shall run consecutive, not concurrent.

Pack claims the court impermissibly considered his state of origin as a sentencing factor. The above colloquy shows the court considered many factors including the fact Pack has "family ties [in] another state." At no point did the court mention Pack's state of origin. Iowa code section 907.5(1)(d) lists "the defendant's family circumstances" as a consideration for the court in making a probation or incarceration decision. Iowa Code § 907.5(1)(d) (2011). A district court's sentencing decision to impose a sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or defect in the sentencing procedure, such as considering impermissible factors. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

The court did not rely on Pack's state of origin as a consideration in denying his request for a less severe punishment. Therefore, we find the court did not abuse its discretion and affirm Pack's sentence.

**AFFIRMED.**