**IN THE COURT OF APPEALS OF IOWA**

No. 14-1441
Filed October 14, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**BENNIE LENOIR,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Des Moines County, Mark Kruse, District Associate Judge.

　　　　A defendant appeals his sentence. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, Amy Beavers, County Attorney, and Justin Stonebrook, Assistant County Attorney, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Bennie James Lenoir pled guilty to being absent from custody, a violation of Iowa Code section 719.4(3) (2013). The district court sentenced him to 364 days in jail. On appeal, Lenoir contends the sentencing court only relied on his criminal history in sentencing him and "did not consider any mitigating circumstances or chances at reform."

The court stated its reasons for the sentence as follows:

> All right. Again, the facts of this case, as I think are already stated by counsel, is you were being held in jail and on a substantial bond on very serious offenses. A district court judge gave ya a huge break by granting a furlough, and you just—blew it off. Totally blew it off. And I believe you weren't found until May, and this happened in November. Your initial appearance in this case was in May. And I believe you just went to trial yesterday, were found guilty—
> Lenoir: Yes, sir.
> The Court: —on very serious charges again.
> And the Court is aware you have a very lengthy prior criminal record. For those reasons, the sentence of the Court will be 364 days in jail. Mittimus to issue immediately, credit for any time served, to run consecutive to any other sentence you're serving.

We discern no abuse of discretion in this statement. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). The court considered the circumstances of Lenoir's crime in addition to his criminal history and, in particular, the fact Lenoir was afforded a furlough opportunity, which he abused by absconding for six months. The court was also privy to mitigating circumstances, which were discussed by Lenoir and his attorney, but the court had no obligation "to specifically acknowledge each claim of mitigation." *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Having concluded the district court did not abuse its discretion in sentencing Lenoir, we affirm his sentence for being absent from custody.

**AFFIRMED.**