# IN THE COURT OF APPEALS OF IOWA

No. 15-0484
Filed January 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEONARD R. RUSH JR.,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II (plea) and John D. Telleen (sentencing), Judges.


Leonard Rush appeals his sentence following a guilty plea to lottery ticket theft. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, for appellee.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Leonard Rush appeals his sentence following a guilty plea to lottery ticket theft. He asserts that because of his severe substance abuse issues he should have been given a suspended sentenced, placed on probation, and ordered to reside at a residential treatment facility. We conclude the district court did not abuse its discretion when imposing a term of incarceration not to exceed five years. Consequently, we affirm.

On October 28, 2014, Rush was charged with lottery ticked theft, a class "D" felony, in violation of Iowa Code section 99G.36(1) (2013). A plea hearing was held on January 9, 2015, and Rush entered a plea of guilty, which the district court accepted. A sentencing hearing was held on February 26, 2015, during which the court imposed a term of incarceration not to exceed five years, as opposed to Rush's request that he be granted probation. Rush appeals his sentence.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

When imposing its sentence of a term of incarceration not to exceed five years, the district court stated:

Mr. Rush, my duty under the law is to review what's available to me in terms of community resources and to determine what appropriate rehabilitative plan for you would be but I must also consider that the public interest must be protected. I look at the seriousness of the crime, the effect that the crimes have on members of the community, your willingness to accept change and treatment, and what is available in the community to assist you in that process. I look at the least restrictive alternatives first and then proceed with the more restrictive alternatives.

. . . .

[I]n your particular case you still—setting aside as I am those dismissed charges—you have an extensive criminal history and what's particularly problematic to me is that you were released on parole supervision in February of 2013 and while you were on release and parole supervision you were again consuming alcohol, which is a violation of your parole, but more importantly accrued new arrests including this charge that we're here on today. I think there have been many opportunities for rehabilitation that have been offered to you which haven't worked and given your prior criminal history. I'll grant you that actually the dollar value of what you stole was not particularly great and probably rather—probably rather minor, the point is that you are out committing new crimes shortly after being released from parole supervision and for those reasons I believe incarceration is appropriate in this matter.

This record establishes the district court did not abuse its discretion when imposing its sentence. It considered proper factors, and while the presentence investigation report—which recommended incarceration—showed Rush has severe substance abuse issues, the court nonetheless did not exercise "its discretion on grounds clearly untenable or to an extent clearly unreasonable" when declining to suspend Rush's sentence or grant him probation. *See Evans*, 672 N.W.2d at 331. Consequently, we affirm Rush's sentence pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**