# IN THE COURT OF APPEALS OF IOWA

No. 14-1669
Filed February 24, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHNATHAN FITZGERALD CLARKE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Johnathan Clarke appeals his sentence following his guilty plea to one count of second-degree theft, asserting he should have been given a suspended sentence and placed on probation. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Johnathan Clarke pled guilty to one count of theft in the second degree, a class "D" felony, in violation of Iowa Code section 714.2 (2013). He was sentenced to a term of incarceration not to exceed five years. He now appeals, asserting he should have been given a suspended sentence and placed on probation. We conclude the district court did not abuse its discretion when imposing the term of incarceration. Consequently, we affirm.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only "found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* Sentencing decisions "are cloaked with a strong presumption in their favor" and "will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citations omitted).

The sentencing court articulated its reasons for the sentence as follows:

> Well, Mr. Clarke, the purpose of sentencing you is to do two things, it's meant to rehabilitate you and to protect our community from further offenses from you. And Mr. Clarke, at some point in your life you have to decide what kind of a person you want to be and what kind of a future you want to have. What your criminal history shows, Mr. Clarke, is that up to this point in time you have had a long history of making poor decisions. You've been in prison at least four times. You've been on probation. You've been on parole. You've had work releases. You've had numerous opportunities to go to treatment and to have rehabilitative services, and yet you continue to violate the laws of the state of Iowa. And, you know, if you want to spend the rest of your life rotating in and out of jails and prisons, all you have to do is to continue to make

decisions in the future like you have in the past, and I certainly hope that's not how you want to live your life.

Even after all of being in prison and having your conviction overturned, pleading guilty again, being put back on probation, it looks like you still have a theft fourth charge that you got in January of 2014, and you got this charge back in 2013, knowing all along that if you committed criminal offenses you would in all likelihood receive the maximum penalties because of the number of times we've tried things other than prison to rehabilitate you. And no matter what the community has offered to you, Mr. Clarke, you just . . . keep committing criminal offenses. And you've been out of trouble maybe for a year. I don't even think it's been that long, and that's really not saying very much that, you know, you should give me probation because I haven't been in trouble for a year. Most people go their entire adult lives and never commit a criminal offense and never have to go to jail or prison, and you've been in jail and prison many, many times pretty recently.

And Mr. Clarke, I just don't think that I can trust you on probation. I don't think that at this stage in your life you can complete a probationary period, so I am going to impose a five-year prison term here. Now, everybody knows you won't spend that much time in prison, it might be a matter of months, but I think the message is important to you and to the community, and that message is that if you violate the laws of the state of Iowa and you do so on a continuing basis, you will receive the maximum penalty that is appropriate or available. And I hope, Mr. Clarke, that after this stint in prison you will finally decide that you do want to be a productive member of your community, that you want to be a mature, responsible adult, and that you will make better decisions in the future than you have in the past. But at this point in your life I don't think you're capable of doing that, and I don't think I can trust you to be on probation, and I don't think I should put the community at risk, which is what I would be doing if I grant you a probationary period.

The record establishes the sentencing court did not abuse its discretion when imposing its sentence. It considered proper factors, including Clarke's criminal history and the presentence investigation report (after noting objections and corrections), which states:

The defendant has been afforded many opportunities at rehabilitation via Pretrial release, Probation, Parole, Work Release, and the Violator Program. Despite the aforementioned attempts at rehabilitation, the defendant has continued to demonstrate a

pattern of criminality. The defendant verbalized remorse for his crime, but as mentioned previously, he continues to violate the law by committing crimes against others in the community. This criminal belief system underlies most, if not all, of the defendant's unlawful behavior.

It is hoped the defendant can benefit from the structure and treatment, especially that which is designed to address criminal thinking, provided in the penal system. If successful, he has shown sporadic ability to maintain work and law-abiding behavior. In light of the above and in the interest of community safety, it appears placement in the state prison system is the appropriate course of action at this time.

A sentence of five years' incarceration was recommended.

Having discerned no abuse of discretion on the part of the sentencing court, we affirm.

**AFFIRMED.**