**IN THE COURT OF APPEALS OF IOWA**

No. 15-0340
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GATBEL THOUK CHANY,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Gatbel Chany appeals his sentence arising from his convictions for three counts of robbery in the second degree and one count of ongoing criminal conduct. **AFFIRMED.**

David Barajas of Gaudineer & George, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Gatbel Chany appeals from his resentencing hearing based on his convictions for three counts of robbery in the second degree and one count of ongoing criminal conduct. He asserts the district court did not properly consider the factors articulated in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), when imposing its sentence; consequently, he claims the court abused its discretion. We conclude the court properly considered the relevant sentencing factors and found none to mitigate the chosen sentence. We therefore affirm the court's sentence.

On July 9, 2009, Chany pled guilty to three counts of robbery in the second degree, in violation of Iowa Code section 711.3 (2009), and one count of ongoing criminal conduct, in violation of Iowa Code section 706A.4.[1] On Chany's first appeal, our court reviewed the facts, stating:

> Gatbel Chany admitted that he and an accomplice robbed a Domino's Pizza restaurant, a Git-N-Go convenience store, and a Fazoli's restaurant. While robbing Domino's and Git-N-Go, Chany and/or his accomplice was armed with a pistol. A knife was used to threaten the Fazoli's employee. Chany also admitted that he and his accomplice carried out their acts to obtain money and had plans to continue to do so if they had not been caught.

*State v. Chany*, No. 09-1302, 2010 WL 1375351, at *1 (Iowa Ct. App. Apr. 8, 2010). Following a motion to correct an illegal sentence, Chany was granted a resentencing hearing so the district court could consider the factors pursuant to *Lyle*, 854 N.W.2d at 402-03. The hearing was held on January 23, 2015, and in an order dated January 26, the district court imposed a sentence not to exceed

---

[1] The trial information charged Chany with three counts of robbery in the first degree, and one count of ongoing criminal conduct.

ten years on each robbery count, two of which would run consecutively, and a term of imprisonment not to exceed twenty-five years on the ongoing-criminal-conduct conviction, to run concurrently to the robbery sentences. Chany appeals.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

When sentencing a juvenile, the district court must consider: (1) the age of the offender and the features of youthful behavior, such as immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the particular family and home environment that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change. *Lyle*, 854 N.W.2d at 402–03.

After the State, Chany, and defense counsel were given the opportunity to be heard, the court took the case under advisement to consider all the testimony and exhibits within the framework of the *Lyle* factors.

In its sentencing order, the district court stated:

The facts of this case support applying the mandatory minimum sentence originally imposed by the district court in 2009. This case does not involve "inane juvenile schoolyard conduct" or behavior that can be characterized as immature or impetuous. Defendant committed three robberies, two involving a gun and one a knife. The offenses occurred at three separate businesses. The latter offense occurred approximately four months after the first two, showing that defendant had time to appreciate what happened during the first two offenses yet chose to commit the act again. The facts reflect a classic case of "cold and calculated" armed robberies.

This case is also different in the sense that defendant admitted during the presentence investigation and at hearing that he had a stable and supportive family. His family sought refugee status from Sudan, but he was born in a refugee camp in Ethiopia and moved to this country at the age of four. He lived with two working parents and several younger siblings. His parents did require him to provide care for his siblings at a youthful age, and he lived in a tough neighborhood. However, this is not an instance which he had no direction at home.

Defendant had a lengthy juvenile court record including incidents of violence. He was previously placed at the State Training School and Woodward Academy. Defendant was on probation at the time he committed the robberies in this case. He had been given chances and received programming designed to correct his behavior. Defendant's record in juvenile court, school, and the crimes at issue here show a serious and genuine risk that he will commit additional offenses upon release.

. . . .

The interests of public protection and defendant's rehabilitation are best supported by imposing the mandatory minimum sentence. The sentencing court justifiably considered defendant to be a significant risk, which is why the court originally imposed consecutive sentences on counts I and II. The original sentencing decision is supported by the five factor test set out in *Lyle*. Defendant has shown little progress in prison toward reform. Imposition of the mandatory minimum will protect the public while giving defendant more time to make progress toward changing his thought process and behaviors.

Chany asserts the district court's review of the mitigating *Lyle* factors were actually used as aggravating factors in the sentencing decision. The State responds that a *Lyle* factor that is not helpful to *mitigate* a sentence does not necessarily turn into a factor that *aggravates* a sentence. This interpretation

supports the holding set forth in *Lyle* and is what occurred in the court's analysis of the factors and how they pertained to Chany  *See Lyle*, 854 N.W.2d at 420 n.8. ("Clearly, these are all *mitigating factors*, and they cannot be used to justify a *harsher* sentence.").  Here, the district court went through the *Lyle* factors, analyzing each one as it pertained to Chany's life and particular circumstances, and determined none of the factors would lessen or mitigate Chany's sentence. The record shows the court did not use the factors as a basis for imposing a *harsher* sentence than was appropriate.  The court simply concluded the five mitigating factors in *Lyle* did not apply to justify imposing a lesser sentence.

Finding no abuse of the district court's discretion, we affirm Chany's sentence.

**AFFIRMED.**