# IN THE COURT OF APPEALS OF IOWA

No. 15-1625
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TODD ALAN WOODWORTH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.


        Todd Woodworth appeals the sentence imposed following a stipulated

agreement entered into between the State and Woodworth at postconviction

relief proceedings.  **AFFIRMED.**

        Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Todd Woodworth appeals the sentence imposed following a stipulated agreement entered into between the State and Woodworth at postconviction relief (PCR) proceedings. We affirm.

On September 21, 2015, a hearing was held for purposes of sentencing Woodworth for his 2004 convictions for first-degree arson and second-degree arson.

The offenses occurred more than a decade ago. On two separate occasions, Woodworth was involved in setting fire to homes. On December 16, 2002, the State charged Woodworth, as a principal or aider/abetter, with first-degree arson, second-degree arson, five counts of attempted murder, and two counts of conspiracy involving the fires set on two of his neighbors' properties. The date of offense for the first-degree arson charge (count 1) was October 11, 2001, and the date of offense for the second-degree arson offense (count 5) was October 13, 2001. Woodworth rejected a plea offer. A jury trial was held, and Woodworth was found guilty of all charges. The conspiracy counts merged with the arson convictions, and on January 20, 2004, the district court sentenced Woodworth to serve the sentences on counts 1 through 3 concurrently to each other but consecutively to the concurrent sentences imposed on counts 5 through 8.

On direct appeal, among other things, Woodworth challenged the sufficiency of the evidence of four of the five convictions for attempted murder. *State v. Woodworth*, No. 04-0096, 2006 WL 228769, at *3 (Iowa Ct. App. Feb. 1,

2006). We concluded there was substantial evidence to support the attempted-murder convictions. *Id.* at *3-6.

In a PCR action, Woodworth asserted he would have taken the State's plea offer had he been properly informed as to the sentences involved in the plea agreement. On February 2, 2015, an order was filed in the PCR action, which provided in part:

> The parties reached an agreement whereby the application for postconviction relief will be dismissed and the defendant will be resentenced to count I, first degree arson, a class "B" felony, and count V, second degree arson, a class "C" felony, following the completion of the presentence investigation report [PSI]. At the time of sentencing, the State will recommend that these sentences run concurrently inasmuch as that offer was made to the defendant prior to the original trial commencing in this matter. The court advised the defendant on the record that any recommendation by the State was not binding upon this court. The parties have previously stipulated that the assistance of trial counsel was ineffective and the defendant had been incorrectly advised regarding the potential consequences of the offer.

Pursuant to the parties' stipulation, the district court entered an order granting the PCR application and a sentencing hearing was scheduled.[1]

At the time of sentencing on January 12, 2016, Woodworth had served twelve years in prison. The PSI recommended consecutive sentences on the two arson convictions. Per the stipulation, the State recommended the sentences be run concurrently. Woodworth argued for concurrent sentences. The sentencing court observed,

---

[1] We do not have access to the record of the PCR action or any record for that matter to explain the unusual resolution of the PCR action, that is, the parties stipulated to a dismissal but the court granted the PCR. But clearly, a dismissal would not have afforded the ability to resentence the defendant, which was the essence of their agreement due to prior ineffective assistance of counsel.

And it's the court's opinion that even though the other crimes that the jury found Mr. Woodworth guilty of have since been, um, dropped, withdrawn, basically addressed in the agreement that was reached as part of the disposition in the postconviction relief action brought by Mr. Woodworth, I don't think as a judge that I can ignore the fact that the State presented evidence that a jury found established beyond a reasonable doubt that Mr. Woodworth had, um, attempted to murder [named people]."

. . . .

And while it appears to the Court you have made significant strides towards rehabilitation during your incarceration, um, given, um, the conduct that you engaged in, even if I focus only on the arson offenses for which I'm sentencing you, these were two separate offenses, happened on two separate days and showed a disregard on your part for, um, certainly others' property.

The court imposed a twenty-five year term on count 1 and a ten-year term on count 5, which were to be served consecutively to each other. The court emphasized:

It's clear from the—the PSI that you are attempting to make constructive positive use of your time. That you're trying to find help and assistance that will allow you to stay on the right track once you are released. . . .

For the reasons I've stated earlier though, I do believe that consecutive sentences are most appropriate in this case, primarily due to the seriousness of the crimes themselves and the fact that they were committed on separate dates. It wasn't part of a single course of conduct. And I think to . . . to send the appropriate message to others that . . . the court will treat these offenses seriously. It's—It's necessary to run the sentences consecutive.

Woodworth appeals, claiming the court improperly considered the attempted-murder convictions because they "were dropped as part of successful postconviction relief."

A sentencing court may not consider an unproven or unprosecuted offense in sentencing a defendant unless there are facts presented to show the defendant committed the offenses or the defendant admits to the charges. *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013). This case, however, comes to

us in a unique procedural posture. We agree with the sentencing court that it was not required to ignore charges that had been proved beyond a reasonable doubt to a jury and affirmed on appeal. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) ("We have recognized that, 'when a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on.' The standard of proof during the sentencing stage is lower than the standard used during trial." (citations omitted)). We affirm.

**AFFIRMED.**