# IN THE COURT OF APPEALS OF IOWA

No. 17-1057
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NATHAN M. GOAD,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

Defendant challenges his sentence for burglary in the third degree.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Nathan Goad pleaded guilty to burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A (2016), and was sentenced to an indeterminate term of incarceration not to exceed five years. Goad challenges his sentence in this appeal, contending the district court considered an impermissible factor in imposing sentence. Specifically, the district court considered unproved criminal conduct.

The district court's sentence is cloaked with a strong presumption in its favor, and we will not reverse its sentence absent an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We afford the strong presumption of regularity to the sentencing court due to the great confidence we place in our judges to exercise their discretion appropriately. *See State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). When a defendant challenges a sentence on the ground the district court considered unproved criminal conduct, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

Goad's contention the district court relied on unproved criminal conduct is without merit. At sentencing, the district court stated it took into consideration Goad's criminal history, including his "controlled substance offense in 2014." Goad contends this was impermissible because he was convicted of possession of drug paraphernalia and not a controlled substances offense. We disagree. The possession of drug paraphernalia is a controlled substance offense. Iowa code section 124.414 criminalizes the use of drug paraphernalia, which is defined as "all equipment, products, or materials of any kind used or attempted to be used in

combination with a controlled substance."  By its terms, the unlawful possession of paraphernalia involves the possession of an item to be used with a controlled substance.   The offense is codified at chapter 124 of the Iowa Code, "Controlled Substances," Division IV, "Offenses and Penalties."  The district court did not rely on unproved criminal conduct in imposing sentence.

We affirm Goad's sentence.

**AFFIRMED.**