# IN THE COURT OF APPEALS OF IOWA

No. 17-1331
Filed March 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SETH ALAN TORBENSEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Poweshiek County, Shawn R. Showers, Judge.

        Seth Torbensen appeals from the sentence imposed upon his plea of guilty.  **AFFIRMED.**

        Fred Stiefel, Victor, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Seth Torbensen pled guilty to possession of a controlled substance (methamphetamine), third or subsequent offense, in violation of Iowa Code section 124.401(5) (2017). Torbensen appeals from the sentence imposed upon his plea of guilty, contending the district court abused its discretion in considering improper factors.

"We review sentencing decisions for an abuse of discretion. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (citation omitted).

The sentencing court's consideration of impermissible factors constitutes an abuse of discretion and requires resentencing. *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). However, "[a] court has a right to rely on the information in the [presentence investigation report] PSI when the defendant fails to object to the information contained in the PSI." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citing *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000)). Here, Torbensen failed to object to the PSI, including the mention of risk-assessment tools, and their use at sentencing. Under these circumstances, the court had a right to rely on the assessments, and we find no abuse of discretion. *See id.* We affirm.

**AFFIRMED.**