# IN THE COURT OF APPEALS OF IOWA

No. 17-2006
Filed April 17, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARON WILKINSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

A defendant challenges the sentence imposed on his conviction for theft in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until his withdrawal), and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ..

**TABOR, Judge.**

Daron Wilkinson was working as an administrator at the Cedar County jail when he stole more than $1000 from funds paid by inmates. He pleaded guilty to theft in the second degree and sought a deferred judgment. Instead, the district court imposed judgment, suspended the indeterminate five-year sentence, and placed Wilkinson on supervised probation for two years. Wilkinson appeals his sentence, asserting the district court's consideration of the Iowa Risk Revised (IRR) assessment violated his right to due process.

Because Wilkinson did not raise this issue in the district court, we cannot reach it on direct appeal. *See State v. Guise*, 921 N.W.2d 26, 29 (Iowa 2018); *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). He also faults his attorney for not objecting to the use of the risk-assessment tool at sentencing. We preserve that claim for development in possible postconviction-relief proceedings.

A state audit in 2016 discovered approximately $35,000 missing from the room-and-board and commissary accounts at the Cedar County jail. Wilkinson unexpectedly left his job as jail administrator in late December 2015. He initially told investigators he kept the jail accounts "in good order." But he eventually accepted a plea offer from the State and admitted taking money from the accounts with the intent to permanently deprive the county.

Under the plea agreement, the defense asked the court to defer judgment on the felony theft conviction, pointing to Wilkinson's minimal criminal record and his admission of guilt. The State asked for a suspended sentence. The county sheriff weighed in on the consequences for his former employee, telling the court:

"I would think giving him a deferred judgment would give a very poor signal to the taxpayers."

The presentence investigator also recommended a suspended sentence and probation, and referenced its use of a risk-assessment tool:

> As a part of the [presentence investigation (PSI)] process, the defendant was assessed using the Iowa Risk Revised (IRR). The IRR is an assessment tool with a focus on prediction of new violent and/or property crime and is used to assign initial level of supervision in the community. The defendant scored in the administrative category[1] for future violence and the administrative category for future victimization. The IRR would further indicate the defendant would be supervised initially at an administrative level of supervision should he be supervised in the community.

At the sentencing hearing, defense counsel did not object to the inclusion of the IRR in the PSI report. In accepting the State's sentencing recommendation, the district court referenced the risk assessment: "The PSI author, in rating his propensity for future violence and future victimization, rates him at the low end on the spectrum on both of those matters. However, the PSI recommends probation, not a deferred."

On appeal, Wilkinson alleges the court's reliance on the IRR violated his right to due process. *See* U.S. Const. amend. XIV; Iowa Const. art. I, § 9. He specifically claims the district court "was not provided with sufficient cautions for and limitations of the risk assessment tool to allow the court to consider the results." As a back-up, he argues if we decide the due process claim is not

---

[1] The PSI does not explain what it means to score in the "administrative category."

preserved for review, his trial counsel was ineffective for failing to challenge the sentencing procedure.[2]

Generally, the sentencing court may consider all information within the PSI unless the defendant objects or makes material corrections. *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). In *Guise*, our supreme court held a due-process challenge to the use of the IRR at sentencing could not be raised for the first time on appeal. 921 N.W.2d at 29 (noting Guise told the sentencing court "it could rely on the information in the PSI"). In *Gordon*, the court explained the defendant's claim that reliance on a risk assessment tool violated his right to due process was not the same as asserting the sentence was "intrinsically unconstitutional." 921 N.W.2d at 23 (contrasting cruel-and-unusual-punishment issue in *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009), which required no error preservation). In both *Gordon* and *Guise*, the supreme court noted the defendant could "bring a separate postconviction-relief action claiming ineffective assistance of counsel based on due process, if he so wished." 921 N.W.2d at 23; 921 N.W.2d at 29. The same is true here. Wilkinson did not preserve error on his due-process attack on the sentencing procedure but may revisit that argument if he desires to do so in postconviction proceedings.

**AFFIRMED.**

---

[2] Wilkinson filed his final brief before the supreme court issued its decisions in *Gordon* and *Guise*. Accordingly, he did not have the benefit of those holdings.