# IN THE COURT OF APPEALS OF IOWA

No. 18-0977
Filed May 1, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BROWN DENNIS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Russell G. Keast, District Associate Judge.

Brown Dennis appeals the sentences imposed upon his two misdemeanor theft convictions. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Sharon D. Hallstoos, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Special Counsel, for appellee.

Considered by Doyle, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Judge.**

Brown Dennis appeals the sentences imposed upon his two misdemeanor theft convictions. He argues the court abused its discretion in failing to articulate adequate reasons for the sentences imposed.

A jury convicted Dennis of one count each of third- and fifth-degree theft. On the morning set for sentencing, Dennis filed a document entitled "consent to waive presence immigration notice attorney fee notice." The document was signed by Dennis and defense counsel. In the document, Dennis waived, among other things,[1] his presence at sentencing so long as he was represented by counsel, the creation of a formal record of the sentencing hearing if he was present at the hearing with counsel, and his right of allocution. The record is unclear as to whether Dennis attended the sentencing hearing. The court entered its sentencing order the same day, which provided, in relevant part, the following:

> The reasons for this sentence include information provided the Court at sentencing and as set out in the court file herein, including the Defendant's age, family circumstances, education, prior criminal record, the facts and circumstances of this offense, and the belief that this sentence will provide the greatest benefit to the Defendant and the community. The Court has also considered the parties' plea agreement.

A contention that a sentencing court failed to provide adequate reasons for a sentence is immune from error-preservation defects. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to "state on the record its reason for selecting the particular sentence." The State concedes the "use of boilerplate language in a

---

[1] The document appears to be a waiver of rights in relation to both guilty pleas and sentencing. As noted, however, Dennis was convicted by a jury.

written sentencing order *may* be insufficient to comply with" the rule but insists this case does not involve boilerplate sentencing language. Regardless of whether the order used boilerplate language, the stated reliance on a plea agreement as one of the factors considered by the court is unsupported by the record, as a plea agreement was never reached in this case. The absence of facts to support a factor upon which a court states it relied in its sentencing decision renders such factor improper and constitutes an abuse of discretion. *See, e.g.*, *State v. Formaro*, 638 N.W.2d 720, 725-26 (Iowa 2002); *State v. Floyd*, 466 N.W.2d 919, 924–25 (Iowa Ct. App. 1990); *see also State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) ("If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required."). Consequently, we vacate the sentences and remand for resentencing. *See Thacker,* 862 N.W.2d at 407–08, 410; *State v. Carrillo*, 497 N.W.2d 497, 501 (Iowa 1999).

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**