# IN THE COURT OF APPEALS OF IOWA

No. 23-0585
Filed July 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SPENCER THORNTON SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Heather Lauber (guilty plea) and William P. Kelly (sentencing), Judges.

Spencer Smith appeals his sentence and guilty plea to homicide by vehicle by operating a motor vehicle while under the influence and serious injury by vehicle by operating a motor vehicle while under the influence. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Buller, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Spencer Smith pleaded guilty to homicide by vehicle by operating a motor vehicle while under the influence and serious injury by vehicle by operating a motor vehicle while under the influence. He was sentenced to serve his two sentences consecutively. Smith now appeals, contending he was coerced into pleading guilty and the district court considered an impermissible factor during his sentencing. We affirm.[1]

## I.    *Background Facts and Proceedings*

On January 25, 2022, Smith was operating a vehicle on Fleur Drive in Des Moines. At the time Smith was operating the vehicle he had a blood alcohol concentration well in excess of .08. Smith was involved in a motor vehicle accident. Nancy Horton, the operator of the vehicle Smith collided with, died as a result of the injuries caused by the accident. A passenger in Horton's vehicle at the time of the accident was Thomas Peterson. Peterson sustained a serious injury, a broken foot, as a result of the collision.

Smith was charged with four counts relating to the accident, homicide by vehicle by operating a motor vehicle while under the influence (count I), homicide by vehicle by reckless driving (count II), serious injury by vehicle by operating a motor vehicle while under the influence (count III), and serious injury by vehicle by reckless driving (count IV). On February 6, 2023, a plea hearing was held. Smith pleaded guilty to counts I and III. At sentencing, the State dismissed counts II and

---

[1] In several passages of his opening brief, Smith suggests that the two convictions should have merged, resulting in a twenty-five-year sentence instead of the thirty years he was given. However, his reply brief clarifies that "Smith is not arguing merger . . . ." As a result of this clarification, we do not address merger issues.

IV.  Later, Smith was sentenced to twenty-five years in prison for count I and five years in prison for count III.  The court imposed these sentences to run consecutively for an indeterminate period not to exceed thirty years.  Smith now appeals.  Additional facts will be set forth below as relevant to the claims on appeal.

## II.     *Guilty Pleas*

Because Smith has challenged the discretionary sentence he received, he has established good cause to appeal despite his guilty plea, and we have "jurisdiction over the entire appeal," including Smith's challenge to his guilty plea. *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023).  However, just because we have jurisdiction of his appeal does not mean we necessarily have authority to address all issues on appeal.  *Id.*  Smith is challenging the voluntariness of his guilty plea.  But to make that challenge, he was required to file a motion in arrest of judgment.  *See id.*  Smith did not file a motion in arrest of judgment, and he does not dispute that he was advised of the need to file such motion and the consequences of failing to do so.  Since he was adequately informed of the need to file a motion in arrest of judgment and the consequences for failing to do so, the only way around his failure to file such motion is through an ineffective-assistance-of-counsel claim.  *See id.* at 147–48.[2]  Iowa Code section 814.7 prohibits us from deciding such a claim on direct appeal, so "section 814.7 divests our authority to review that claim on direct appeal." *Id.* at

---

[2] Although *Rutherford* involved a challenge to the factual basis for a guilty plea, the same rules requiring a motion in arrest of judgment to challenge the voluntariness of the guilty plea apply.  *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) ("His failure to file a motion in arrest of judgment [to claim his guilty plea was not intelligently or voluntarily made] precludes appellate relief.").

148. We have no authority to address Smith's challenge to the voluntariness of his guilty plea.

### III.  Sentencing

Courts review challenges to a sentence for an abuse of discretion.  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).  An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable.  *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019).  A district court's "ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law."  *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014) (quoting *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013)).

Smith advances two arguments concerning his consecutive sentences.  We address them in turn.  He first argues that because he cannot have committed an unintentional death without having caused a serious injury, "the offenses are the 'same' and cumulative punishments cannot be imposed."

The legislature separately defined two crimes within Iowa Code section 707.6A, vehicular homicide and serious injury by vehicle.  Smith's act of driving while intoxicated in violation of each resulted in the death of one victim and the serious injury of another.  We conclude the legislature intended the unit of prosecution for each to be separate.  Legislative intent is the key question in determining the unit of prosecution.  *State v. Valez*, 829 N.W.2d 572, 579 (Iowa 2013).  With two victims and two separately defined crimes, the consecutive sentences imposed by the trial court do not violate the Double Jeopardy Clause.  *Id* at 584.

Smith also advances that "The [d]istrict [c]ourt inappropriately relied on the [State's] misrepresentation of the plea agreement in sentencing Smith to consecutive sentences . . . ."

At the plea proceeding, when the assistant county attorney was asked if there was a plea bargain, she replied, "Not actually." She went on to explain that count II would merge into count I and count IV would merge into count III. The State expressed its intention to dismiss the two charges at sentencing. Defense counsel agreed to this, stating, "That's correct, your Honor."

Later, at the sentencing hearing, the trial judge, who did not preside at the plea hearing, asked defense counsel, "The Court has two questions for you. One: The parties did reach a plea agreement as to everything except whether these counts should be run consecutive or concurrent?" Counsel replied, "That's correct." In reciting its reasons for the sentence, the court stated it relied in part on the plea agreement. The court then dismissed counts II and IV "pursuant to plea agreement."

Smith now argues that the trial court relied on a plea agreement that he says did not exist. As noted above, if the trial court relied on a fact not supported by the substantial evidence, reversal and a remand for resentencing would be required.

A trial court's use of an improper factor in the calculus of its sentence overcomes the presumption that it properly exercised its discretion. *State v. Sailer*, 587 N.W.2d 756, 763 (Iowa 1998). We do not speculate as to the weight the trial court gave to an improper factor. *State v. Fetner,* 959 N.W.2d 129, 136 (Iowa 2021). "If a court in determining a sentence uses any improper consideration

resentencing is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "This is true even if it was merely a secondary consideration." *Id.*

Substantial evidence supports the trial court's impression that a plea agreement actuated the plea. Counsel clearly understood the issues resolved by the plea and the issue to be decided by the court, as, importantly, did Smith. Whether based on plea bargain or by operation of law, all concerned understood Smith would be sentenced for two crimes, and the judge would decide whether they would run consecutively or concurrently.

The trial court's reliance on this understanding was supported in the record. There was no abuse of discretion. The sentence must be affirmed. To summarize, we do not have authority to consider Smith's claim his plea was involuntary, and the trial court committed no error in sentencing. We affirm.

**AFFRIMED.**