# IN THE COURT OF APPEALS OF IOWA

No. 25-0162
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JARED TODD NEMMERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.


        Jared Todd Nemmers appeals the sentence imposed after pleading guilty

to possession of methamphetamine. **AFFIRMED.**


        Mark C. Meyer, Iowa City, for appellant.

        Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**CHICCHELLY, Judge.**

Jared Nemmers appeals the district court's imposition of a prison sentence after he entered a guilty plea to possession of methamphetamine, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2024). He alleges the district court abused its discretion by considering an improper factor and declining to suspend the sentence in favor of probation. Upon our review, we affirm.

### I.      Background Facts and Proceedings

In June 2024, Black Hawk County Sheriff's deputies were dispatched to a report of a car "swerving all over the road." Law enforcement stopped the vehicle after discovering the registered owner, Jared Nemmers, had a barred driver's license. During the traffic stop, officers conducted an open-air canine dog sniff, which indicated the presence of an illegal controlled substance in the vehicle. Nemmers then admitted to having a pipe under his seat. Officers located a methamphetamine pipe.

The State filed a trial information charging Nemmers with count I, possession of methamphetamine, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2024); and count II, driving while barred as a habitual offender, in violation of Iowa Code sections 321.555 and 321.561. Pursuant to a plea agreement, Nemmers entered a guilty plea to count I and in exchange the State agreed to dismiss count II.

At sentencing, the district court sentenced Nemmers to a five-year indeterminate prison sentence. The district court denied his request for probation. Nemmers now appeals.[1]

## II. Standard of Review

When sentencing, the court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Discussion

A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). This rule "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (cleaned up). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3). We find there is good cause for appeal because Nemmers is challenging his discretionary sentence rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.2d at 725.

Nemmers specifically argues the district court considered an improper sentencing factor when it discussed how his drug use contributed to his conduct in this case. At sentencing the district court stated:

> I have considered the information in the presentence investigation report [PSI] and the arguments of counsel. And I understand the nature and circumstances of this particular offense are not egregious, but the problem is, sir, that your continued illegal drug usage contributes to your committing other crimes. You have a history of drug usage that's shown in the presentence investigation report. You have prior convictions for burglary, and you have a prior conviction for theft. Those are fairly common types of charges associated with people who use drugs when they shouldn't be.
>
> You have had multiple prior criminal convictions, and you've had opportunities to change your behavior in the community. You've been under supervision by the Department of Correctional Services multiple times. You've had sanctions in the community. You've been in residential facility placement before. You've received contempt sentences for violating the terms and conditions of probation. And I consider the criminal history that's shown in the presentence investigation report to be important.
>
> Another part of the presentence investigation report that's significant to me is where it lists the interventions that have been attempted in the community, those are on pages 12 and 13 of the presentence investigation report, they include different cognitive behavioral-type approaches that are provided through the Department of Correctional Services . . . and other services that the Department of Correctional Services has provided to you in the community. And unfortunately, while they may have led to some changes in your behavior, it hasn't led to a sustained, consistent change in your behavior.

The recommendation of the Department of Correctional Services in the report was for you to serve the prison term, based upon all of the factors that they went through in the report; and I agree with their conclusion, and I agree with the reasons that they set forth in the report for arriving at that conclusion.

We do not find the district court's discussion of drug use to be an abuse of discretion. In making its sentencing decision, the court may consider "[t]he content and recommendation of the [PSI] report." Iowa R. Crim. P. 2.23(2)(f)(4); *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) ("In determining a defendant's sentence, a district court is free to consider portions of a [PSI] report that are not challenged by the defendant."); *see also* Iowa Code § 901.2(1) (authorizing the preparation of a PSI report and allowing the court to receive "any information which may be offered which is relevant to the question of sentencing").

In support of his position, Nemmers points us to our unpublished opinion *State v. Williams*, No. 23-1099, 2024 WL 1296025 (Iowa Ct. App. Mar. 27, 2024), where we found a district court impermissibly considered a defendant's drug use at sentencing when that drug use was not admitted to in the PSI. But here the PSI tells a different story. All of Nemmers's criminal history the district court referred to at sentencing were convictions listed in the PSI. Similarly, Nemmers admitted to marijuana use since age sixteen, methamphetamine use since age nineteen, and a history of IV drug use. We find the district court made a fair inference in stating drug use played a factor in Nemmers criminal history when the offenses occurred at the same time as his admitted drug use. Accordingly, we find the district court did not consider an improper sentencing factor.

**IV.    Conclusion**

Because we find the district court did not rely on improper sentencing factors in imposing a prison sentence, we affirm Nemmers' sentence.

**AFFIRMED.**