# IN THE COURT OF APPEALS OF IOWA

No. 18-1069
Filed August 7, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIE CLAY WERNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hamilton County, Timothy J. Finn,

Judge.


        The defendant appeals from his sentences for five counts of sexual abuse

in the second degree and two counts of sexual abuse in the third degree.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal), and Maria

Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

Following a jury trial, Willie Werner was convicted of five counts of sexual abuse in the second degree and two counts of sexual abuse in the third degree.[1] In July 2016, he was sentenced to a total term of incarceration not to exceed sixty years. Mittimus issued immediately. The court confirmed that Werner was not eligible for an appeal bond. Werner appealed, and our court affirmed his convictions but vacated his sentences, finding the trial court abused its discretion in mentioning the perception of the victims as a sentencing consideration. *State v. Werner*, No. 16-1315, 2017 WL 2684348, at *3–4 (Iowa Ct. App. June 21, 2017).

At the 2018 resentencing hearing, Werner objected to the use of the presentence investigation (PSI) report that had been prepared for his initial 2016 sentencing, claiming it was outdated and asking for a continuance so a new PSI report could be completed. The State responded, maintaining Werner could discuss any changes or updates since the initial report during his time for allocution and noting the State had "nothing to say that [Werner] has done anything wrong in prison." The court denied Werner's request for a continuance and for an updated PSI report, reasoning that the request was not made until the time of the scheduled resentencing hearing and the 2016 PSI report "adequately states the factors the court is to consider for purposes of sentencing."

In imposing sentence, the court stated:

---

[1] Werner was also convicted of one count of indecent contact with a child, which the district court determined merged with one of the convictions of second-degree sexual abuse.

> I think the sentence imposed by the court was appropriate. I don't think there's any real need to belabor that except to say that in view of the number of victims, [Werner's] lack of remorse, the impact of the offenses on the victims, the continuing nature of the crimes, that that was the appropriate sentence.
>
> So I will reimpose that sentence at this time . . . .

The court sentenced Werner to twenty-five-year terms of imprisonment for each of the five counts of second-degree sexual abuse and ten-year terms for both counts of third-degree sexual abuse. It listed each count and the corresponding sentence separately then stated, "The court decides to run one count of each [of the three] victim[s] consecutively and the remainder of the counts concurrently." The court ordered two of the twenty-five-year terms and one of the ten-year terms to be served consecutively, for a total term of imprisonment not to exceed sixty years, with all other sentences ordered to be served concurrently.

On appeal, Werner argues the resentencing court abused its discretion by (1) using an outdated PSI report, (2) imposing consecutive sentences without stating adequate reasons on the record, and (3) ordering him to reimburse the state for attorney fees without determining the amount of restitution or his ability to pay. "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted).

**1. PSI Report.** Werner maintains the district court's use of the 2016 PSI report in his 2018 resentencing constituted an abuse of discretion. He relies on *State v. Oolman*, No. 15-1114, 2016 WL 4384648, at *1–2 (Iowa Ct. App. Aug. 17, 2016), in which a panel of this court found a due process defect in the district

court's sentencing procedure when it used an outdated PSI that had been prepared for a different criminal proceeding in a different county. Our court found fault with the use of the PSI because "the court may rely upon facts to sentence the defendant that no longer portray the defendant's current prospects for rehabilitation" and the "sentencing recommendation may also be invalid or inappropriate for various reasons, including the nature of the current and different offense." *Oolman*, 2016 WL 4384648, at *2.

The circumstances are different here. The PSI used by the resentencing court, while almost two years old, was prepared for the offenses for which Werner was being resentenced. Werner had been incarcerated throughout the period between sentencing and resentencing. The State indicated to the court that it believed it was appropriate for Werner to discuss any changes since his first sentencing but advocated for the same sentence as previously imposed, noting Werner had not yet had any sex-offender treatment and was, therefore, still a risk to the community; the State conceded that the court could assume Werner had no problems while in prison. Werner—through counsel—mentioned his negative change in health but agreed he had not yet began sex-offender treatment. No further information was offered by Werner.

"There is no statutory requirement for a district court to order a new PSI report on resentencing." *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015); *see also* citing Iowa Code § 901.2 (2018). Here, Werner was able to supplement the information in the 2016 PSI by way of statements to the court at the resentencing hearing, and the State did not dispute any of the statements.

Under these circumstances, we cannot say the district court used an improper procedure or relied on improper information when resentencing Werner.

**2. Consecutive Sentences.** Werner maintains the district court failed to provide adequate reasons on the record for imposing consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016) (requiring the court to provide a stated reason for imposing consecutive rather than concurrent sentences); *see also* Iowa R. Crim. P. 2.23(3)(d). We disagree.

Here, before listing the term of incarceration being imposed for each conviction, the court stated its reasons as "the number of victims, [Werner's] lack of remorse, the impact of the offenses on the victims, [and] the continuing nature of the crimes." And then, before ordering three of the sentences to be served consecutively, the court stated it "decide[d] to run one count of each victim consecutively and the remainder of the counts concurrently."

While the court's stated reasons were succinct, "the brevity of the court's statement does not prevent [our] review of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). Here, we can tell the court understood its discretion to impose consecutive or concurrent sentences. *Cf. Hill*, 878 N.W.2d at 274 (reversing the sentence imposed when the record did not allow the reviewing court to determine whether sentencing court understood its discretion to impose concurrent or consecutive sentences). And there is no issue with the court relying on the same reasons to both sentence Werner to terms of incarceration and impose consecutive sentences. *See id.* at 275 ("Sentencing courts should also explicitly state the reasons for

imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration.").

**3. Restitution.** Werner maintains the district court erred in ordering him to reimburse the state for his court-appointed attorney fees. "On the issue of restitution, we review the order for correction of errors at law." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). "We will reverse if the court has not properly applied the law or the court's findings lack substantial evidentiary support." *Id.*

In the sentencing order on remand, the district court ordered Werner to "reimburse the state for the reasonable fees of his court-appointed attorney." A defendant can only be ordered to pay their court-appointed attorney fees "to the extent the offender has the reasonable ability to pay." *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019) (citing Iowa Code § 910.2 (2016)). And the court can only determine the defendant's reasonable ability to pay "[o]nce the court has all the items of restitution before it." *Covel*, 925 N.W.2d at 189 (citation omitted).

We recognize the district court did not have the benefit of *Albright* and its progeny. However, the court erred in ordering Werner to pay his court-appointed attorney fees when it did not know the amount of the fee and did not determine Werner had the reasonable ability to pay.

We affirm the district court's decision to impose a sixty-year term of incarceration; however, we reverse the part of the sentence regarding restitution and remand the case for resentencing consistent with this opinion and *Albright*.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**