# IN THE COURT OF APPEALS OF IOWA

No. 19-1124
Filed April 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TOBY RYAN RICHARDS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Toby Richards appeals the sentences imposed following convictions of domestic abuse assault and domestic abuse assault by strangulation. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Toby Richards appeals the sentences imposed following convictions of domestic abuse assault, third or subsequent offense, and domestic abuse assault by strangulation. Richards was sentenced pursuant to a remand from this court on his initial appeal. *See State v. Richards*, No. 18-0522, 2019 WL 1057886, at *1, *11 (Iowa Ct. App. Mar. 6, 2019).[1] Richards argues the sentencing court considered an improper factor through use of the previously prepared presentence investigation report (PSI) and alternatively argues his counsel was ineffective in failing to object to use of the PSI. He also argues the court erred in ordering the sentences imposed run consecutively to sentences resulting from prior domestic-abuse convictions.

The factual history of this case was thoroughly addressed by this court in its prior opinion. *See id.* at *1–3. The facts presented here relate to resentencing proceedings. The district court did a complete resentencing on remand. Richards's sentence on remand included incarceration not to exceed five years for third-or-subsequent domestic abuse assault and incarceration not to exceed two years for domestic abuse by strangulation. The sentences were ordered to run concurrently with each other, concurrently with a sentence imposed upon a driving-

---

[1] In the first appeal, we reversed Richards's conviction on a count of possession of a firearm by a domestic violence offender and remanded for resentencing on the other two counts with the direction that the sentencing court consider Richards's appellate claim that the court abused its discretion in ordering Richards's sentences be served consecutively with the sentences imposed as to two prior domestic-abuse-assault convictions. *Richards*, 2019 WL 1057886, at *10–11.

while-barred conviction, and consecutively to sentences imposed following probation violations on prior domestic-abuse convictions.

Appellate review of a sentence is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "We review sentencing decisions for abuse of discretion when the sentence is within the statutory limits." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). A court has abused its discretion if it "exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *State v. Thompson*, 856 N.W.2d 677, 678 (Iowa 1998)).

In sentencing a criminal defendant, district courts are not to consider unproven or unprosecuted offenses unless limited circumstances apply. *Id.* at 25. "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). Courts use a PSI in sentencing to gain information, including criminal history, pertinent to determining an appropriate sentence. *Id.* at 402. "In determining a defendant's sentence, a district court is free to consider portions of a [PSI] that are not challenged by the defendant." *Id.*

The court considered the same PSI that was used in the first sentencing, unmodified to reflect the dismissed firearms charge. Richards did not object to the PSI when the court inquired. The PSI recommendation briefly acknowledged the dismissed firearm charge, stating "the defendant knows that gun crimes and continued victimization of domestic violence while on supervision will not be tolerated under the purview of this jurisdiction." The PSI ultimately recommended incarceration, indicating residential placement was inappropriate due to the nature

of the offenses. Again, the offenses included in the residential-placement assessment included the firearms charge that was dismissed after reversal by this court.

However, the transcript shows the court was aware of the dismissal, both by the court's own statements and on notice from Richards's counsel. The court also noted it did not rely on PSI information "that did not result in a conviction or an adjudication of delinquency." The State requested consecutive sentences, but Richards reminded the court that was not recommended at the first sentencing and prayed for all sentences to run concurrently. Richards spoke on his own behalf, informing the court of his efforts to engage in behavioral and psychological management education and other programs offered while incarcerated. Following its sentencing announcement, the court listed Richards's criminal history, statutory requirements, community protection, the nature of the offenses, and the recommendation of the PSI as sentencing factors. The court also explained the sentences for the current offenses were run consecutively to the sentences for the prior cases for the protection of the community because of the nature of the offenses and because they were separate offenses.

Although the PSI contained information concerning the conviction that was dismissed after the appeal and based its recommendation in part on that dismissed charge, our review of the record reveals the district court was clearly aware of the appeal decision and did not rely on the dismissed charge in sentencing Richards. Richards has an extensive criminal history, including multiple instances of incarceration, and has assaulted multiple domestic partners. Richards did not object to the information contained in the PSI, when given the opportunity to do so.

Accordingly, we find the district court did not abuse discretion in sentencing Richards or ordering that the sentences stemming from the present convictions run consecutively to those from prior domestic-abuse convictions.

To the extent Richards argues his counsel was ineffective in failing to object to the PSI, because we find no error in the district court's sentencing conclusion and explanation, Richards cannot show prejudice, and we need not decide whether counsel breached a duty.  *State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001). Thus his ineffective-assistance-of-counsel claim fails.

**AFFIRMED.**