# IN THE COURT OF APPEALS OF IOWA

No. 18-0763
Filed April 15, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**EARL TRAVELLE TRAVIS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Mary Chicchelly, Judge.


The defendant challenges the sentence imposed after he pled guilty to possession with intent to deliver a controlled substance (cocaine). **AFFIRMED.**


Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Earl Travis challenges the sentence imposed after he pled guilty to one count of possession with intent to deliver a controlled substance (cocaine), a class "C" felony.[1]  Under a plea agreement, Travis entered a guilty plea to the one charge and the State dismissed three other charges and agreed to make no recommendation on Travis's sentence.

At sentencing, with the State silent, Travis argued for a suspended sentence.  The preparer of the presentence investigation (PSI) report recommended the court sentence Travis to a suspended ten-year sentence with three years of probation.  Additionally, as part of his probation, the PSI recommendation was that Travis reside in a residential correctional facility for a period not to exceed 365 days or until maximum benefits were achieved (whichever occurred first).  After hearing from Travis and his counsel, the court followed the recommendation in the PSI report and sentenced Travis accordingly.

"A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors."  *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted).  "Sentencing

---

[1] The amended Iowa Code section 814.6(1)(a)(3) (2019) does not prevent Travis from bringing this appeal, as the judgment and sentence in his case were entered in March 2018.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

decisions of the district court are cloaked with a strong presumption in their favor." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018).

Still Travis argues the court abused its discretion in imposing his sentence because the court did not explicitly address his age, education, employment, family situation, or other potentially mitigating factors when the court decided to follow the recommendation contained within the PSI report. He claims we should remand for resentencing because "the court did not articulate a reason for one and not the other."

But "a sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *Id.* (citation omitted). The court listened to Travis's argument for a suspended sentence and probation without a restricted placement but decided additional supervision was needed. During sentencing, the court stated:

> All right. The court will also follow the recommendation of the Department of Correctional Services and shall require [Travis] to reside at the Gerald Hinzman Center or other like facility as designated by the Department of Corrections for a period not to exceed 365 days or until maximum benefits have been achieved, whichever occurs first. While in the community corrections center, the facility's rules and regulations should be deemed conditions of [Travis's] probation. And Mr. Travis, I'm going to require that you report to the center when bed space becomes available. And I'm not going to hand you over to custody of the sheriff in the interim term. I'm going to allow you to just continue to reside at home and to continue to be employed and to continue to meet all of the obligations of this sentence until that bed space becomes available. . . .
>     . . . .
>     . . . In determining this sentencing I'm considering . . . the entirety of the presentence investigation report, the nature and circumstances of the offense, the history and characteristics of [Travis], including his age and prior criminal record, and the fact that this was a non-violent offense. I find that the sentence imposed will offer [Travis] the maximum opportunity for rehabilitation, as well as protection of the community.

. . . .

. . . Mr. Travis, I wish you the best of luck. You know, I understand that being sent to the Center is not necessarily top on your list of things that you wanted to have as an outcome here, but it's certainly I think a much better outcome than it could have been. It's my concern for you—it sounds like you've got some wonderful things. You seem to me you're a smart guy, you seem to me that you've got a good family, some folks here even in the courtroom that are supporting you today. You've got at least one child, if not more than one child, and it's my hope that this gets you on the track to be a valuable and productive and instrumental part of their lives of keep you there, keeps you on the right track and keeps you abiding with the law and that you can do some work while on this sentence. It's really focusing on bettering yourself. I really hope that I don't see you back here, and I wish only the very best for you, sir. All right I really challenge you to work hard and to be able to successfully discharge this probation.

We note that "[j]udicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others." *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). This "discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review." *Id.* "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.*

Here, the court sentenced Travis to a sentence within its discretion and provided reasons on the record for the sentence it imposed. The sentence imposed satisfied the court's interest in rehabilitation. *State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015) (noting postconviction rehabilitation efforts are an appropriate sentencing factor to consider). The court listed relevant factors for its reasonable sentencing decision. We find Travis failed to show an abuse of discretion.

**AFFIRMED.**