# IN THE COURT OF APPEALS OF IOWA

No. 21-0721
Filed December 15, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC GGANAH FREEMAN JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Eric Freeman Jr. appeals the sentence imposed upon his criminal conviction. **AFFIRMED.**

Jeremy L. Merrill of Merrill Law, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., May, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

Eric Freeman Jr. appeals the sentence imposed, following a guilty plea,[1] upon his conviction of possession of marijuana with intent to deliver. He argues the district court abused its discretion in denying his request for a deferred judgment because (1) the "court did not adequately state the factors supporting the sentence on the record" and (2) "the sentence was clearly unreasonable in light of the circumstances."

## I.    Background

Freeman was criminally charged in May 2020. In March 2021, he entered a written plea of guilty. The plea memorialized the plea agreement to encompass, among other things, the State recommending a suspended term of imprisonment not to exceed five years and two years of probation, with the State dismissing a companion charge of failure to affix a drug-tax stamp. The court accepted the plea and set the matter for sentencing.

Prior to sentencing, a presentence-investigation report (PSI) was completed, which disclosed Freeman was eligible for a deferred judgment but ultimately recommended the imposition of a suspended term of imprisonment not to exceed five years and three to five years of probation. At the sentencing hearing, the State submitted its recommendation in accordance with the plea agreement. Based on Freeman's age, family circumstances, upbringing, participation in therapy, and aspects for employment, Freeman's counsel

---

[1] The State agrees Freeman has "good cause" to appeal because he is challenging the sentence imposed instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

requested a deferred judgment. In reaching its decision, the court noted its consideration of Freeman's need for rehabilitation; protection of the community from further offenses by Freeman and others; his age, criminal history and the progression of the seriousness of his offenses, employment circumstances, and family and personal circumstances; the nature of the offense; the recommendations of the parties; the contents of the PSI; what it learned about Freeman during the proceedings; and Freeman's prior placement on probation. Based on these factors, the court denied Freeman's request for a deferred judgment and sentenced Freeman to a suspended indeterminate term of imprisonment not to exceed five years and three years of probation.

Freeman appeals.

## II. Standard of Review

When a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)). "Sentencing decisions . . . are cloaked with a strong

presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (alteration in original). Our job is not to "second guess" the sentencing court's decision. *Formaro*, 638 N.W.2d at 724. Instead, we assess whether the court reached its decision on clearly untenable grounds. *Id.*

## III.    Analysis

First, Freeman argues the court provided inadequate reasons for the sentence on the record. He argues "the court merely noted the applicable factors and noted that the severity of the crime charged was more than other charges in [his] criminal history." He submits "[t]his is not enough" and is "not sufficient under Iowa law." But he offers no reason why. It is true that the court is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d); *accord* Iowa Code § 901.5 (2020). "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). In denying Freeman's request for a deferred judgment, the court noted its consideration of the need for protection of the community; the nature of the offense; Freeman's age, criminal history, employment circumstances, and family circumstances; and other factors Freeman does not claim were inappropriately considered. *See* Iowa Code §§ 901.5, 907.5(1); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015). We find the court's terse and succinct statements regarding its sentencing decision to be sufficient to show its reasons for its discretionary decision are viable and affirm on this point. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

Next, Freeman argues the sentence imposed was "clearly unreasonable." He claims "the court gave unreasonable weight to the nature of the crime compared to the other factors weighing in favor [of] granting [him] a deferred judgment," such as his family circumstances and plan to start a new business. While Freeman characterizes his charge as "merely [being] related to the possession of marijuana," that is a mischaracterization, as this was a felony involving the intent to deliver. The court was clearly concerned because Freeman had already been placed on probation three separate times since 2010 in relation to convictions of disorderly conduct, operating under the influence and obstructing legal process, and traffic-related offenses, most recently being discharged from probation in 2017, and Freeman was now before the court on a felony drug charge. On our review, we are unable to conclude the court exercised its discretion on untenable grounds or to an extent clearly unreasonable, and we affirm the sentence imposed.

**AFFIRMED.**