# IN THE COURT OF APPEALS OF IOWA

No. 22-1775
Filed June 7, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PEDRO MARTINEZ CASTRO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.

A defendant appeals the sentences imposed on his criminal convictions.

**AFFIRMED.**

Angela Campbell of Dickey, Campbell, & Sahag Law Firm, PLC, Des

Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BADDING, Judge.**

Pedro Martinez Castro pled guilty to third-degree sexual abuse and assault with intent to commit sexual abuse involving a fourteen-year-old girl. *See* Iowa Code §§ 709.4(1)(b)(3)(d), .11(3) (2020); *see also id.* § 708.1(2)(a). Following a comprehensive plea hearing, during which Martinez Castro admitted the elements of the offenses, the court accepted the pleas and ordered a presentence investigation report.

At the sentencing hearing, the State recommended concurrent terms of imprisonment not to exceed ten and two years. The State explained:

> [T]he State's recommendation is for imposed concurrent prison sentences in this case for multiple reasons, but primarily because of the nature and circumstances of this crime. The defendant is a 39-year-old male who was employed at a . . . farm at the time of the offense. It was at this . . . farm where he met the victim, who was 13 years old at the time that they met and 14 years old at the time of the crime that he pled guilty to.
>
> As evidenced by the defendant's admissions in his pleas—in his guilty pleas, as well as the Minutes of Testimony, the defendant used knowing this minor at work to obtain opportunities to see her outside of work. He would pressure her to touch and to kiss, and eventually, this led to him asking sex—sexual intercourse with her on at least one occasion.
>
> The [presentence investigation report] correctly points out that the defendant has family support, steady and reliable employment, no addiction problems, and no criminal history that is documented, but perhaps, that's the most alarming—those are the most alarming facts. Despite this support, despite not having a criminal history, despite having employment, the defendant engaged in sexual and predatory behavior by engaging in this sexual relationship with someone who is 14 years old.
>
> The defendant has demonstrated that his support system and law-abiding society were not enough to deter him here. He and others who are similarly situated must be deterred from similar behavior. His actions had a detrimental and devastating impact on the victim and her family. Their lives will never be the same.
>
> Additionally, the defendant has demonstrated no remorse for his actions, nor about how this has impacted the victim. The defendant did not participate in the [presentence] interview recount

of what happened and did not discuss how his actions impacted the victim of this crime.

Rather, he took time in the [presentence] interview to focus on how he did not want to leave his family. At no point does he apologize for his actions or consider that they have changed the trajectory of [the victim's] life; of her mother's life.

Probation would be a continuation of the life he is currently living. It is not appropriate in this case. The State requests that the Court follow the State's recommendation, Your Honor, and impose concurrent prison terms in this case, as well as the other terms recommended by the State.

The defense recommended suspended sentences, highlighting as mitigating factors some of the same things the State said were aggravating, including Martinez Castro's lack of a criminal history and his family supports. Defense counsel also noted that Martinez Castro had expressed remorse, though "maybe not openly to the State." And counsel pointed out that "[h]is life is also going to change dramatically" with these convictions because of his placement on the registry and immigration consequences.

After a victim impact statement was read by the victim's mother, which focused on the toll Martinez Castro's actions have taken on the child, Martinez Castro stated: "Forgive me. Forgive me. Forgive me for what happened. What happened was not my intention, was—forgive me. I will say it with all my heart." For his statement of allocution, Martinez Castro said: "I made a mistake, and I ask for forgiveness for doing it. It was not my intention to do these things. Forgive me for what is happening. I think that this has totally sealed my life." He also asked that he be provided "an opportunity to continue with [his] life."

Before announcing its sentencing decision, the court stated:

I have considered all the sentencing options that are provided for in Iowa Code Chapters [9]01 and 907 of the Iowa Code. My judgment relative to sentence in this case is based on that that will

provide you with the maximum opportunity for rehabilitation, while at the same time, protecting the community from further offenses by you or others who are similarly situated.

I have considered your age; your education; your prior criminal history, which appears to be nonexistent. I've considered your employment. I've considered your family circumstances, at least as I'm aware of them, based on the information that has been provided in the court file, as well as the Presentence Investigation Report.

I've considered the nature of the offenses committed by you and the harm to the victim and the underlying facts upon which these two offenses were based, as set forth in the Minutes of Testimony, which you agreed supported your guilt to these two charges beyond a reasonable doubt when I took your guilty plea.

I've considered the need to protect the community. I've considered the State's recommendation that's been made today. I've considered your attorney's recommendation. I've considered your statement and your apology. I've also considered the need to deter you and others who may be similarly situated from engaging in conduct of this nature.

Based on those considerations, the court sentenced Martinez Castro to concurrent terms of imprisonment not to exceed ten and two years.

The court then expanded on its decision:

I've considered all the factors . . . in rendering this sentence that I just outlined to you, but most importantly, I have considered the underlying nature of both of these offenses and the predatory behavior you engaged in with a minor child, as significant in my decision to impose prison sentences in this matter.

You engaged in ongoing and predatory conduct to engage in sexual relations and a sexual assault with a minor child, who was only 14 years old. The harm to that child cannot be understated, not only now, but for the rest of her years.

You made decisions and life choices, sir, which you now indicate are a mistake, and they certainly were a mistake. But our decisions and life choices have impacts. Those impacts are not only upon you, but upon others, and especially on this victim; this young lady.

In its written sentencing order, the court reiterated that it reached its sentencing decision "in this matter for several reasons, as set forth on the record in this matter, including but not limited to: the nature and circumstances of these

crimes and the harm to the victim, the Defendant's needs for rehabilitation, and protection of the community."

Martinez Castro now appeals. He claims the sentencing court considered "incorrect and inappropriate factors urged by the prosecution" and disregarded "appropriate mitigating factors."

We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in original) (citation omitted).

According to Martinez Castro, because "[t]he sentencing court stated that it took into account the State's recommendations in determining that prison was appropriate," and the State argued certain "factors in this case were aggravating, rather than mitigating factors," the court must have abused its discretion. He argues the factors that were misused by the State, and not disavowed by the court, included his positive family and employment circumstances, lack of criminal history, and absence of addiction problems. Martinez Castro also suggests that because the State commented "on the fact that [he] told the presentence report writer he 'did not want to leave his family' instead of talking about 'how his actions impacted the victim of the crime,'" the court must have improperly viewed his desire to stay with his family as aggravating as well. And because Martinez Castro thinks the State's concerns about his lack of acknowledgment about the impact on the

victim are unfounded, then the court must have abused its discretion by listening to the State's recommendation.

Even if we were to assume the State's arguments were improper, "[a] defendant must affirmatively show that the sentencing court relied on improper evidence to overcome th[e] presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). There is nothing in this record to show the court agreed with the State's insinuation that these factors were aggravating in nature. Indeed, the court noted its consideration of Martinez Castro's employment and family circumstances together with its consideration of Martinez Castro's lack of a criminal history, which indicates the court viewed these factors as mitigating. And while the court did not specifically address Martinez Castro's lack of problems with alcohol and substance abuse, the court need not specifically acknowledge each mitigating factor. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

There is also nothing in the record to show the court viewed Martinez Castro's desire to remain with his family as an aggravating factor. And Martinez Castro's lack of acknowledgment for the impact on the victim is not unfounded in the record. After the victim's mother read her statement, Martinez Castro stated none of it was his intention and pled for forgiveness for himself. This theme continued in his statement of allocution, in which he stated that he did not intend this mistake, asked for forgiveness, and talked about how his crimes have ruined *his* life, while asking for "an opportunity to continue with [that] life." We cannot conclude the court based its decision on improper factors or by considering proper factors in an inappropriate manner.

On a final note, Martinez Castro complains that the court did not consider the loss of his immigration status and probable removal from this country. He argues adding prison on top has to be an abuse of discretion. We briefly note immigration status is not a relevant sentencing factor unless it impacts an otherwise relevant sentencing factor. *See State v. Avalos Valdez*, 934 N.W.2d 585, 593 (Iowa 2019). In his reply brief, Martinez Castro states that before the district court, he "clearly argued, at length about why his status should impact the relevant sentencing factors supporting probation." Defense counsel did highlight removal as a mitigating circumstance but, as noted, the court is not required to specifically acknowledge each mitigating factor. *See Boltz*, 542 N.W.2d at 11. And we decline Martinez Castro's invitation to conclude imposing a prison sentence when a defendant is facing removal is a per se abuse of discretion.

Finding the court did not abuse its discretion as alleged, we affirm the sentences imposed.

**AFFIRMED.**