# IN THE COURT OF APPEALS OF IOWA

No. 22-1781
Filed June 21, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES ADOLPH MIMMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Rustin Davenport, Judge.


        Charles Mimms appeals the sentence imposed on his conviction. **AFFIRMED.**


        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BADDING, Judge.**

Charles Mimms appeals the sentence imposed on his conviction—following an *Alford* plea[1]—for lascivious acts with a child. In challenging the court's decision to not impose a suspended prison sentence, he argues the district court overlooked his "extensive pretrial incarceration" of 120 days. Given this "significant punishment" he already received, Mimms asserts the court should have given more weight to "other, less invasive options" for rehabilitation. Mimms also suggests the court merely cited "boilerplate reasons for imposing a sentence of incarceration without any specific explanation in this case."

We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in original) (citation omitted). And our job is not to "second guess" the sentencing court's decision. *Formaro*, 638 N.W.2d at 724.

In pushing for imprisonment, the State highlighted the nature of the offense against the three-year-old child, Mimms's extensive criminal history, and the recommendation in the presentence investigation report. That report detailed his indeed extensive criminal history, family and employment circumstances, and prior interventions aimed at rehabilitation. In his version of the events to the

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

presentence investigator, Mimms stated: "I don't blame anyone for this except the system itself." In turn, Mimms requested a suspended sentence and probation given his past "success[] in the community" and his prospects for employment.

In reaching its sentencing decision, the court explained as follows:

> The law of Iowa requires the court impose a sentence that will best provide for the defendant's rehabilitation, protect the community, and deter others from committing similar crimes. In considering these matters, I consider your age, your attitude, your prior criminal history, employment, financial and family circumstances, nature of the offense, and—the recommendations of the parties, and the ability to be rehabilitated through community services.
> I've considered the request for a suspended sentence. However, given the prior criminal record, given the nature of the offense, given the recommendations of the presentence investigation report, I find that a ten-year prison term not suspended is appropriate.

And in its written sentencing order, the court noted its consideration of Mimms's

> age, attitude, criminal history, and employment, financial and family circumstances, as well as the nature of the offense, including whether a weapon or force was used in the commission of the offense, the recommendations of the parties, and other matters reflected in the court file and record, including the presentence investigation report, for the protection of society and rehabilitation of defendant.

Turning to Mimms's arguments on appeal, we first note that Mimms must affirmatively show an abuse of discretion or defect in sentencing procedure to overcome the presumption of validity. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). As to the claim that the court failed to take the time he already served into account, the court considered the presentence investigation report, which stated that Mimms had been incarcerated since his arrest, as did the court file itself. So Mimms has not affirmatively shown the court abused its discretion on this point. Furthermore, Mimms frames this consideration as a mitigating

sentencing factor, and the court need not specifically acknowledge each such factor. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). To the extent that Mimms argues the court did not consider options for rehabilitation short of prison, the court stated it had considered Mimms's prospects for rehabilitation through services in the community.

As to Mimms's claim that the court failed to provide a sufficient explanation for its sentencing decision, the court expressly considered the presentence investigation report; the maximum opportunity for rehabilitation; protection of the community from further offenses; Mimms's age, criminal history, and employment and family circumstances; and the nature of the offense. *See* Iowa Code §§ 901.5, 907.5(1) (2022); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015). We find the court's statements about its sentencing decision to be sufficient and affirm the sentence imposed. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

**AFFIRMED.**