# IN THE COURT OF APPEALS OF IOWA

No. 22-1527
Filed July 26, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUIS MANUEL CERVANTES PULIDO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


        A defendant appeals the sentences imposed on his criminal convictions.

**AFFIRMED.**


        Taylor Reichardt of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BADDING, Judge.**

Luis Cervantes Pulido was charged by trial information with third-degree sexual abuse and first-degree burglary. Two years later, he reached a plea deal with the State under which he agreed to plead guilty to amended charges of assault with intent to commit sexual abuse and second-degree burglary in return for the State's recommendation of concurrent sentences. In a written guilty plea for the assault charge, Cervantes Pulido admitted that he assaulted the victim with the specific intent to commit sexual abuse and asked "the court to accept the minutes of testimony as true" to establish a factual basis. And then at a plea hearing for the burglary charge, Cervantes Pulido admitted that he entered the victim's occupied premises with the intent to commit an assault and remained there despite being told to leave. The court accepted the pleas and set the matter for sentencing.

At sentencing, the State recommended concurrent terms of imprisonment not to exceed two and ten years, highlighting "the nature and circumstances of these offenses," "harm caused to the victim," the recommendation in the presentence investigation report for prison, the need to protect the community from further offenses, and general and specific deterrence. The defense requested anything but prison, pointing to Cervantes Pulido's age; family and employment circumstances; community supports; remorse; status as an otherwise "law-abiding, hard-working family man"; and the sex-offender consequences he would be facing even without prison.

The court sided with the State and sentenced Cervantes Pulido to concurrent terms of imprisonment not to exceed two and ten years. The court explained its decision as follows:

I have considered all the sentencing options provided for in Chapters 901 and 907 of the Iowa Code, and my judgment, relative to sentence in this matter, is based upon that, which will provide you the maximum opportunity to rehabilitate yourself, while at the same time, protecting the community from further offenses by you or others who may have been—may be similarly situated to you.

I have considered your age; your education; your prior criminal history; which appears, at least, based on the information I have, to be nonexistent; your employment; your family circumstances. I've considered the nature of the offense committed, or the offenses committed, and the harm to the victim.

I've considered the underlying facts and circumstances for the charges that you have pled guilty to. I've considered the need to protect the community. I've considered the State's recommendation, defense counsel's recommendation, the presentence investigation report recommendation. I've considered the need to deter you and others who are similarly situated from committing offenses of this nature.

We all make life choices, sir. Your life choices that occurred on the evening of this incident changed the victim's life forever and changed your life forever, as well as many others: Your family, her family. There is probably nothing more intrusive into a person's life than to commit a burglary on their home and engage in assaultive behavior with the intention to commit sexual abuse.

Cervantes Pulido now appeals the sentences imposed. We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in original). And "[o]ur task on appeal is not to second-guess the sentencing court's decision." *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted); *accord Formaro*, 638 N.W.2d at 725.

Cervantes Pulido submits that the court's decision to sentence him to prison was an abuse of discretion because the "only way" the court could have reached

the sentence that it did was by improperly relying on "unproven conduct alleged in the State's minutes of testimony." While that can be a defect in the sentencing procedure, Cervantes Pulido "fails to point to any unproven conduct referenced in the minutes on which the district court relied." *See State v. Reifenrath*, No. 22-1045, 2023 WL 3861919, at *1 (Iowa Ct. App. June 7, 2023). He instead simply argues the "court's consideration of unproven conduct is evidenced by" the final paragraph of the court's rationale, quoted above. But in that paragraph, the court appropriately considered the offenses Cervantes Pulido admitted that he committed. As a result, we find Cervantes Pulido has failed to establish "an affirmative reliance" on inappropriate matters, as is required to overcome the presumption of validity in sentencing. *See id.* at *2 (citation omitted); *accord State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990).

Cervantes Pulido also complains the court "did not even mention" the "support letters" that he submitted for consideration at sentencing. To the contrary, the court stated it had "reviewed and will consider them for purposes of these proceedings today" after the defense offered them at the start of the hearing. Even if it hadn't, the district court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Finding no abuse of discretion, we affirm the sentences imposed.

**AFFIRMED.**