**IN THE COURT OF APPEALS OF IOWA**

No. 23-0493
Filed January 10, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JABRI MALIK GUY,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brendan Greiner, District Associate Judge.

The defendant appeals his sentence for operating while intoxicated, second offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**GREER, Presiding Judge.**

Jabri Guy challenges the sentence imposed following his January 2023 written guilty plea to operating while intoxicated (OWI), second offense, an aggravated misdemeanor, in violation of Iowa Code § 321J.2 (2022). At the top of his list of concerns, Guy found the sentence to be too harsh given the factors he believes the court should have considered and discounting the factors he claims the court should not have given weight. To that point, Guy maintains the court failed to properly consider that his substance-abuse evaluation recommended no treatment, gave his criminal history of other OWI convictions too much weight, and gave too little weight to the other risk assessments. Based on the parameters of our review, we affirm the sentence.

After Guy pled guilty by a written plea agreement, the sentencing court held a sentencing hearing in March 2023. The State recommended a two-year term of imprisonment; Guy requested suspension of all but the minimum jail sentence of seven days with supervised probation, which aligned with the recommendation in the presentence investigation (PSI) report. Guy admitted that "he has a limited criminal history, the two OWI's prior to this one being the main two." The State pointed out that the conviction Guy was being sentenced on was "a lifetime third pled down to a second. His last two OWI's were both very recent in 2021." The PSI report listed both previous OWI convictions.[1] The sentencing court imposed a term of imprisonment not to exceed two years and stated that it did so because

---

[1] Guy was twice previously convicted of OWI, first offense: in case OWCR235961 in June 2020 and again in case OWCR236783 in January 2021. The conviction underlying the sentence at issue in this appeal, case OMOM092410, is Guy's lifetime third conviction for OWI.

it had doubts about the substance-abuse evaluation and it considered that "this is a third [OWI] case, and [it had] serious concerns for the protection of the community." In its view, the sentencing court added that it did not "believe that [Guy] is ready to change [his] behavior, in part because this is the third OWI in two years, and [it doesn't] see a recommendation for treatment." As for other factors, on the sentencing order, the court also marked these sentencing consideration factors: the nature and circumstances of the crime, protection of the public from further offenses, Guy's criminal and substance abuse history, and the maximum opportunity for rehabilitation. Guy appeals.

Although Guy pled guilty, because he is challenging the sentence imposed and not the guilty plea, he has good cause for appeal. *See* Iowa Code § 814.6(1)(a)(3) (granting the right of appeal "where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). We reverse a sentence within the statutory limits—like here—only if the sentencing court abused its discretion or there was some defect in the sentencing procedure. *Damme*, 944 N.W.2d at 103. An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). A ground or reason is untenable if it is based on an erroneous application of law. *See Willard v. State*, 893 N.W.2d 52, 58 (Iowa 2017). "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

Guy contends that the sentencing court erred in imposing a term of two years of imprisonment rather than suspending all of it but for the minimum seven-day sentence and authorizing supervised probation as the PSI evaluator recommended. However, "[a] sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor . . . ." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted). And section 321J.2(4) authorizes a sentencing court to punish a conviction for OWI, second offense through the imposition of "a minimum period of imprisonment in the county jail or community-based correctional facility of seven days but not to exceed two years." While this sentence may seem unduly harsh, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Likewise, "The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently." *State v. Gordon*, ___ N.W.2d ___, ___, 2023 WL 8655919, at *3 (Iowa 2023).

Guy raises several claimed unreasonable grounds he believes the court utilized in forming his sentence. First, Guy takes issue with the court's opinion that he was not ready to change his behavior and emphasizes that the October 2022 substance-abuse evaluation did not recommend treatment and the PSI report recommended the minimum sentence for OWI, second offense. Yet, the sentencing court must merely "consider the substance abuse evaluation in sentencing a second or subsequent OWI offender with an eye toward treatment recommended as a result of the required evaluation." *State v. Ludley*, 465

N.W.2d 912, 913 (Iowa Ct. App. 1990). Second, a PSI sentencing recommendation does not bind the sentencing court but is simply "a factor that can influence the sentencing decision." *State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015); *accord State v. Fesko*, No. 13-1736, 2014 WL 2885336, at *3 (Iowa Ct. App. June 25, 2014) (finding no abuse of discretion when the sentencing court declined to follow the PSI's sentencing recommendation).

True, prior to pleading guilty, Guy completed the court-ordered substance-abuse evaluation and it did not recommend any treatment. But we find that evaluation report does not offer much assurance that Guy has turned the corner on accepting his problem with excessive alcohol consumption and driving, so we understand the sentencing court's hesitation. In part the evaluation noted that Guy reported "the only legal issue he's ever had was his OWI" in August 2022 (i.e. this case). And the evaluator concluded that "[b]ased on what the client reports, no [treatment] is recommended." The PSI report also referenced an earlier substance-abuse evaluation from March 2021 involving an earlier OWI charge that recommended extended outpatient treatment but said "defendant was directed to get another one," which resulted in a no treatment recommendation. Thus, the court's hesitation over Guy's rehabilitation as an important factor going forward was not improper, as Guy suggests. The court was reasonable in its approach.

Next, Guy argues the sentencing court placed too much weight on this being his third OWI when it instead should have only focused on a sentence to the crime he pled to—OWI, second offense. But, Guy admitted on the record that he had two previous convictions for OWI, and the PSI contained the same information. *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) (holding that the

sentencing court did not err in considering the defendant's traffic charges listed in the PSI report when the defendant did not contest that data). And in any event, the sentencing court considered that the crimes were all close in time and all involved excessive use of alcohol on Iowa roads—a factor related to protection of the community.

As a last argument, Guy asserts the sentencing court did not consider other mitigating factors that he believes would have guided the court to a less harsh sentence. "The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community." *Damme*, 944 N.W.2d at 106. "A sentencing court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform,'" which encompass mitigating factors as well as aggravating. *Id.* (quoting *Formaro*, 638 N.W.2d at 725). To his credit, Guy had an excellent job, was seeking advancement there through training, had a strong family support system, and professed to have changed for the benefit of his young child. He also had a limited criminal history at his young age. As for its consideration of those factors, the sentencing court began its pronouncement of the sentence by highlighting just those strengths and then explained it "had serious concerns for the safety of the community." Finally, the sentencing court emphasized from its review of the October 2022 substance-abuse evaluation there remained concerns that Guy "minimized [his] behavior." And in the sentencing order, the court identified five specific factors that were most significant in determining the sentence—all related to the discussion at the sentencing hearing.

Therefore, we find that Guy has failed to demonstrate any evidence of

unreasonable or untenable grounds relied on by the sentencing court.  Absent any showing of an abuse of discretion, we affirm the sentence imposed.

**AFFIRMED.**