**IN THE COURT OF APPEALS OF IOWA**

No. 23-1067
Filed May 22, 2024


**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAVID RALPH LATHAM,**
      Defendant-Appellant.

_____


      Appeal from the Iowa District Court for Johnson County, David Cox, Judge.


      Defendant appeals the district court's sentencing decision. **AFFIRMED.**


      Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

      Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.


      Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

David Latham appeals his sentence for burglary in the third degree, a class "D" felony. Latham was sentenced to an indeterminate term of incarceration not to exceed five years. He argues the district court abused its discretion by considering Latham's sobriety at the time of the crime as an aggravating consideration rather than a mitigating consideration. He asserts proper consideration of his sobriety would have resulted in probation rather than incarceration.

## I. Background Facts and Prior Proceedings

On Christmas Day 2021, Latham entered the home of a family in Tiffin, Iowa, while the residents were away for Christmas celebrations. But he did not come bearing gifts; instead, Latham stole a video camera, solar phone charger, and several hundred dollars in cash from the home. Law enforcement later located several of the stolen items in Latham's vehicle.

Latham pled guilty to burglary in the third degree. The district court sentenced him to an indeterminate term of incarceration not to exceed five years. Latham appeals.

## II. Standard of Review

We review the sentence imposed for correction of errors at law, but "the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). For there to be an abuse of discretion, the court's decision must have been "exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

### III.    Sentence

Latham argues the district court improperly considered his long-term sobriety as an aggravating factor rather than a mitigating factor.  Latham asserts that proper consideration of this factor would have resulted in probation rather than incarceration.

Latham has a history of illegal substance use, beginning with an addiction to prescription drugs in 1991 and continuing until 2008 when he completed a period of incarceration, entered methadone treatment, and achieved sobriety.  At the time of the burglary, Latham had maintained sobriety for twelve years.  Latham's history of addiction and sobriety were included in the presentence investigation (PSI), which recommended a suspended sentence with supervised probation.

On appeal, Latham highlights one statement from the district court to support his argument that the court considered his long-time sobriety as an aggravating factor.  The court stated:

> And while I'm very happy that you are sober, but to me, that also says that you were sober when you did these things; that this was calculated.  This was not a reaction to your addiction.  This was a reaction to your sad circumstances with finances and so that you then acted out in that way.

Latham argues that "The court unreasonably disregarded his efforts at maintaining sobriety, coupled with steady employment, for a sustained period."

"The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community."  *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).  And in determining a defendant's sentence, the district court

> should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensies and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967). Additionally, "[a] sentencing court has a duty to consider all the circumstances of a particular case," but it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Further, it is in the discretion of the district court to weigh the factors. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard.").

Information concerning Latham's history of substance use and sobriety was included in the PSI, and "[a] court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). Latham made no such objection. And Latham agrees this history should be considered in his sentencing, only he believes his efforts at maintaining sobriety "show that he would be a good candidate for supervised probation." However, "it is not for this court to second guess the district court's weighing of permissible sentencing factors." *State v. Thomasson*, No. 22-2105, 2023 WL 7391803, at *1 (Iowa Ct. App. Nov. 8, 2023); *see also Formaro*, 638 N.W.2d at 725 ("[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.").

Latham also points to the fact that the PSI recommended a suspended sentence and probation, but "the court is not required to follow the PSI recommendations—it is only one factor the court is permitted to consider." *State v. Wingfield*, No. 22-1415, 2023 WL 6292302, at *2 (Iowa Ct. App. Sept. 27, 2023) ("The fact the court imposed a prison sentence while the PSI author recommended a suspended sentence does not demonstrate an abuse of discretion."). As recited by the court at the sentencing hearing, the court considered the PSI, Latham's criminal history, the nature and circumstances of the offense, characteristics of the defendant, recommendations of counsel, the maximum opportunity for rehabilitation and protection of the community.

"We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of respect afforded by the appellate process.'" *Damme*, 944 N.W.2d at 106. But "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required. This is true even if it was merely a 'secondary consideration.'" *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citations omitted).

We determine no abuse of discretion by the district court. The district court did not consider an improper factor in sentencing and the district court's sentencing decision was not based on unreasonable or untenable grounds. We affirm.

**AFFIRMED.**