**IN THE COURT OF APPEALS OF IOWA**

No. 23-2050
Filed August 21, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIUS BILLY HAYES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.

        A defendant appeals his criminal sentences.  **AFFIRMED.**

        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

        Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

Darius Hayes pled guilty to possession of a controlled substance, third or subsequent offense, and felon in possession of a firearm. At the sentencing hearing, the State recommended prison for Hayes, noting his "significant past criminal history," failure to cooperate with the presentence investigation, and arrest while out on bond. Defense counsel requested suspended sentences and probation, highlighting Hayes's "significant medical issues" and "substance abuse addiction." While defense counsel agreed that Hayes has "a rather long record," he argued prison was "not the answer [for] somebody who suffers from substance abuse addiction."

In reaching its sentencing decision, the district court noted that it considered "the appropriate rehabilitative plan for" Hayes, services available in the community, protection of the public, the nature and impact of the crimes, and Hayes's willingness to accept change and treatment. The court agreed that "prison is not a treatment facility" but determined "that's not a driving force." It also determined the factors highlighted by the State favored incarceration. So the court sentenced Hayes to concurrent terms of imprisonment not to exceed five years.

Hayes appeals those sentences, claiming the "court abused its discretion by failing to sentence him to probation." We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because sentencing decisions "are cloaked with a strong presumption in their favor," *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000), our job is not to second guess

those decisions but instead determine whether they are "unreasonable or based on untenable grounds." *Formaro*, 638 N.W.2d at 725.

Hayes argues probation with substance-use treatment would have optimized his chances for reform, and the district court failed to properly consider his need for treatment, "his serious medical conditions," and "the best options available for achieving . . . rehabilitation." We reject this argument for two reasons.

First, Hayes has not affirmatively shown the district court ignored these mitigating factors. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). They were outlined in the unchallenged presentence investigation report and addendums considered by the court and highlighted by defense counsel at the sentencing hearing. In any event, a sentencing court is not required to specifically acknowledge each mitigating factor urged by a defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Second, before imposing Hayes's sentences, the court expressly noted that it considered "the appropriate rehabilitative plan for" Hayes and services available in the community. In the end, the court determined the totality of circumstances supported the State's recommendation for prison. Distilled down, Hayes is simply asking that we substitute the decision of the district court with our own, which we cannot do. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022).

Finding no abuse of discretion or defect in sentencing procedure, we affirm.

**AFFIRMED.**