# IN THE COURT OF APPEALS OF IOWA

No. 23-2083
Filed September 4, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRANDON MICHAEL HOLLOWAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Zachary Hindman, Judge.

A defendant appeals the district court's sentencing decision. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., Badding, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**TELLEEN, Senior Judge.**

Brandon Holloway pled guilty to carrying a firearm on school grounds, a class "D" felony, and second-offense operating while intoxicated (OWI), an aggravated misdemeanor. *See* Iowa Code §§ 321J.2(2)(b), 724.4B (2023). The plea agreement allowed the parties to argue for any authorized sentence. The ensuing presentence investigation report recommended suspended prison sentences and probation. At sentencing, the State recommended incarceration, highlighting the circumstances of the crimes and Holloway's criminal history. In turn, Holloway requested a deferred judgment "because of the impact of a felony conviction on his career and his future." He explained he was suspended from his employment upon his arrest and was told he would not be allowed back with a felony conviction.[1]

After considering Holloway's rehabilitation, the need for protection of the community from further offenses, the nature and circumstances of the offenses, Holloway's criminal history and personal circumstances, and the information contained in the presentence investigation report, the district court determined "the defendant is not a good candidate for a deferred judgment." The court adjudged Holloway guilty of the offenses and sentenced him to concurrent terms of

---

[1] This explanation is not entirely consistent with what Holloway told the presentence investigator. According to the presentence investigation report—to which Holloway did not offer any "corrections, deletions, or additions"—Holloway reported he was unemployed at the time of his arrest in this matter, having been terminated from his job several months prior due to an arrest in an independent matter in South Dakota. He noted he planned to attempt a return to that employment if granted a deferred judgment, but the employer had advised it "may or may not make an exception to hire him back."

imprisonment, suspended but for the mandatory minimum of seven days in jail on the OWI conviction. *See id.* § 321J.2(4)(a).

Holloway now appeals, arguing "the district court abused its discretion by entering judgment on the felony matter." In other words, he claims the court abused its discretion when it denied his request for a deferred judgment on the charge of carrying a firearm on school grounds. We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Sentencing decisions "are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted). Our job is not to "second guess" those decisions but instead determine whether they are "unreasonable or based on untenable grounds." *Formaro*, 638 N.W.2d at 725.

In claiming he should have been granted a deferred judgment, Holloway argues he "provided the district court with important mitigating factors, including the fact that he would lose his employment with a felony conviction," and "[h]is positive employment history should have been given significant weight when determining whether to grant a deferred judgment." But a sentencing court is not required to specifically acknowledge each mitigating factor urged by a defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). In reality, Holloway is simply asking that we substitute the decision of the district court with our own, which we cannot do. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). Finding no abuse of discretion, we affirm.

**AFFIRMED.**