# IN THE COURT OF APPEALS OF IOWA

No. 24-0224
Filed May 21, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRIANNA LEIGH MOSS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.

A defendant appeals her prison sentence after pleading guilty to criminal mischief and possession of a controlled substance. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

Brianna Moss pleaded guilty to criminal mischief in the second degree and possession of a controlled substance. The district court sentenced her to concurrent prison terms of five years and 365 days. Moss raises two issues in this appeal of her sentence. First, she contends that the court improperly relied on unproven conduct—her failures to appear for sentencing and to maintain contact with her probation officer. Second, she alleges that the court abused its discretion by choosing prison over probation. Finding that the district court neither considered impermissible factors nor abused its discretion by imposing incarceration, we affirm Moss's sentence.

## I. Facts and Prior Proceedings

In October 2022, Davenport police responded to a 911 call reporting "subjects attempting to take catalytic converters off vehicles" in a parking garage. Responding officers found a Cadillac with gasoline "pouring out of it." The officers also spotted Moss and two others inside a nearby pickup truck. Through their investigation, the officers determined that Moss and the other passenger acted as "lookouts" while the driver drilled a hole in the Cadillac's fuel tank to siphon the gasoline. When the officers apprehended her, Moss admitted having methamphetamine on her person.

The State charged Moss in a three-count trial information with conspiracy to commit a non-forcible felony, a class "D" felony, in violation of Iowa Code section 706.3(2) (2022); criminal mischief in the second degree, a class "D" felony, in violation of sections 703.1, 703.2, and 716.4(1); and possession of a controlled substance, a serious misdemeanor, in violation of section 124.401(5). Moss

entered written guilty pleas to the criminal-mischief and possession counts. Under the plea agreement, the State would move to dismiss the conspiracy charge and recommend suspended sentences of five years on the criminal-mischief count and 365 days on the possession count. But under the agreement, if Moss violated the terms of release, failed to cooperate with correctional services in preparing the presentence investigation (PSI) report, or failed to appear as required, the State could withdraw its recommendation without allowing Moss to withdraw her guilty pleas.

The district court accepted Moss's guilty pleas in January 2023 but deferred its acceptance of the plea agreement until sentencing. The original PSI report recommended supervised probation. The court ordered an addendum to the PSI report after issuing two warrants for Moss's arrest for failure to appear for sentencing in April and July 2023. The September 2023 PSI report addendum recommended incarceration, citing Moss's failures to appear for sentencing, failures to report to her probation officer in Black Hawk County,[1] and "history of absconding from probation." The court issued a third warrant for Moss's arrest for failure to appear for sentencing in October 2023.

The sentencing hearing took place in January 2024. The State withdrew its initial recommendation for suspended sentences and instead recommended concurrent prison terms. In urging incarceration, the prosecutor emphasized that Moss "has failed to appear for sentencing multiple times; failed to keep in contact with the PSI investigator as well as her probation officer in Black Hawk County."

---

[1] Moss stipulated in her pending Black Hawk County case to having violated her terms of supervision by failing to maintain contact with her probation officer.

Moss, on the other hand, sought probation. She did not object to any information in the PSI. But her counsel highlighted her "good stable environment" living with her parents, her past employment "cleaning houses," her desire "to complete her substance abuse treatment," and her goal "to get back with her daughter."

Moss's counsel also explained her failures to appear for sentencing:

> [I]n speaking with Ms. Moss, the first two times that she had missed in this case, she was in custody in Black Hawk County. At the time that we entered the plea in this case, Ms. Moss was in custody and had been released. And at the time that she had been released after taking the plea, I no longer had contact information for her. I didn't know where she was at and that she was in custody in Black Hawk County.
>      In speaking with her again, it was this last time that she missed court in October that would have been basically the time that she kind of messed up in her head when the court date was and didn't make it there.

In her allocution, Moss added: "I am aware that I missed in October and for that, I am truly sorry. . . . I was recently going through a loss of grieving over a pregnancy that I miscarried the baby. With that being said, again, I am sorry for missing."

Ultimately, the court declined Moss's request for probation, imposing concurrent prison terms of five years on the criminal-mischief count and 365 days on the controlled substance count.[2] Moss appeals that sentence.[3]

## II.    Scope and Standard of Review

We review sentencing decisions for the correction of legal error. *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024). If a sentence falls within statutory limits, we will not overturn it unless the defendant shows an abuse of discretion or

---

[2] The court dismissed the conspiracy count under the plea agreement.
[3] Moss established good cause to appeal following her guilty plea. *See State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020).

a defect in the sentencing procedure such as the court's consideration of improper factors. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). We will find an abuse of discretion only if the court's reasoning was clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Iowa courts enjoy broad discretion to rely on information presented at sentencing. *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019).

## III. Analysis

### A. Consideration of an Improper Factor

Moss first contends that the district court considered an improper factor by relying on unproven conduct—her failures to appear for sentencing and to maintain contact with her probation officer.

Before reaching the merits of her contention, we address the State's error preservation challenge. Most sentencing challenges are exempt from error preservation requirements. *State v. Chawech*, 15 N.W.3d 78, 84 (Iowa 2024). But, according to the State, because "Moss had the opportunity to raise any objection to the contents of the PSI at the time of sentencing, she has waived any complaint about the court's reliance on information to the extent it was obtained from the report." *See id.* ("[W]hen our rules or statutes provide a clear mechanism through which the defendant can raise an issue before the district court, we have sometimes required the issue to be timely raised."). We disagree.

True, the PSI included information that Moss alleges the court improperly considered. But because Moss claims that her sentence was procedurally defective, she was not required to preserve error by objecting at sentencing. *See id.*; *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994) (providing that error

preservation rules are "not ordinarily applicable to void, illegal or procedurally defective sentences").

Turning to the merits, we must decide whether the sentencing court relied on unprosecuted charges that were not admitted by Moss or otherwise proven on the record. *See Formaro*, 638 N.W.2d at 725. "[T]he issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). If the court considers unproven conduct in determining a sentence, we must remand for resentencing. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

At sentencing, the court assured the parties that it had "not given any consideration to any entries in the criminal history section of [the PSI] report that do not show an admission of guilt or an adjudication of guilt." The court also addressed Moss's explanations for her failures to appear and the shifting PSI recommendations:

> Quite frankly, missing court because you are incarcerated somewhere else is like the worst excuse in the world because that's your actions that caused you to be there. And I notice that the [PSI report] that was originally filed back on April 14, 2023, recommends probation. In the addendum however, they switch and recommend incarceration.

The court then quoted the PSI report:

> "Departmental records indicate that the defendant has failed to report for three scheduled office visits with her Black Hawk County Probation/Parole Officer Gina Jones. PPO Jones filed a revocation with the Court due to her failing to maintain contact. She was apprehended on July 6, 2023, and stipulated to the violations against her. She was sentenced to 30 days in jail and released back to supervision on August 1, 2023. She failed to report to PPO Jones following her release from jail. At this time of this writing, PPO Jones has not had successful communication with the defendant." Then it further reads, "The defendant has a history of absconding from

probation in Henry County, Iowa, and now in Black Hawk County, Iowa. The defendant has been screened and denied placement at the Department's residential correctional program for females at the Davenport Work Release Center."

After that, the court explained its reasons for rejecting probation:

Quite frankly, I think you are forcing my hand and I am going to have to go with incarceration. . . . The reasons for the sentence is you missed three sentencings. You got in more trouble in other counties. You failed to meet with your probation officer. You are not giving me any indication at all that you would be successful under probation, thus forcing my hand, and you are old enough to know better. And your criminal history says that . . . this isn't all new to you. So you should know better.

Seizing on those statements, Moss argues that the "court employed an improper factor in relying upon criminal or violative conduct which was neither admitted nor proven." As Moss points out, she was not convicted for her failures to appear for sentencing. Moss also insists

the record does not establish that [her] arrest and incarceration in Black Hawk County at the times of her failures to appear for her Scott County sentencings resulted in an ultimate disposition of conviction or stipulated violation so as to support the court's conclusion that "that's your actions that caused you to be there."

Lastly, Moss contends that the court improperly relied on the allegation in the PSI addendum that she "failed to report to PPO Jones after her release from jail" in August 2023. Moss argues the court's faulty reliance requires resentencing.

Moss is correct that her failures to appear and to maintain contact with her probation officer were not prosecuted. But that's different from being unproven. First, Moss did not object to any information in the PSI reports. Thus, the court could consider the reports of her failures to appear for sentencing and to maintain contact with her probation officer. *See Grandberry*, 619 N.W.2d at 402 ("In determining a defendant's sentence, a district court is free to consider portions of

a presentence investigation report that are not challenged by the defendant."). Second, the docket included orders to issue bench warrants for Moss's failures to appear for sentencing in April, July, and October 2023.[4] What's more, Moss and her counsel acknowledged at the January 2024 sentencing hearing that she had failed to appear for the three previously scheduled proceedings. This record was sufficient to establish Moss's failures to appear and to maintain contact with her probation officer. *See id.* at 402–03. Thus, the court did not consider an improper factor in determining Moss's sentence.

### B. Abuse of Discretion

Moss also alleges that the district court abused its discretion by imposing prison rather than probation. As mitigating factors, she emphasizes her stable housing, her potential for employment, her hope to complete substance-use treatment, and her "desire to reunite with her daughter." But the district court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. And it is not our task on appeal to second guess that decision. *Id.* at 725. While the district court could have granted probation, it did not abuse its discretion by declining to do so. It was reasonable for the court to impose concurrent prison terms given its rational concern that Moss could not successfully complete probation.

**AFFIRMED.**

---

[4] The judge who sentenced Moss signed the April order.